NOONAN SOUTH, INC., a/k/a Noonan–Killos, Inc., a Pennsylvania Corporation, Plaintiff–Appellant,

v.

The COUNTY OF VOLUSIA, a county in Florida, Defendant–Appellee.

No. 87–3521.

United States Court of Appeals, Eleventh Circuit.

March 28, 1988.

Patricia Hart Malono, Cummings & Lawrence, P.A., Tallahassee, Fla., for plaintiff-appellant.

S. Larue Williams, Kinsey, Vincent & Pyle, Stephen R. Ponder, Daytona Beach, Fla., for defendant-appellee.

Before VANCE and ANDERSON, Circuit Judges, and BROWN [*], Senior Circuit Judge.

VANCE, Circuit Judge:

Plaintiff Noonan South appeals from the district court's dismissal of its breach of contract claim. The court dismissed Noonan South's claim because of the pendency of a state court action involving the same dispute. We reverse.

In January 1984 Noonan South, a Pennsylvania corporation, entered into a contract with Volusia County, Florida for the construction of the Volusia County Branch Jail. During construction a number of disputes arose between Noonan South and Volusia County, and upon the jail's completion Volusia County withheld a portion of the agreed price. The parties were unable to resolve their differences during several

* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

months of negotiations, and when talks broke down on April 23, 1987 a race to the courthouse ensued. On that day both Noonan South and Volusia County brought suit. Noonan South filed this action for breach of contract against Volusia County in the United States District Court for the Middle District of Florida. Jurisdiction was based on diversity of citizenship. Volusia County brought a declaratory judgment action in state court, alleging breach of contract and negligence. In addition to Noonan South, Volusia County named as defendants an architectural firm and several of its employees, all of whom are Florida residents.

On May 14, 1987 Volusia County filed in this case a Notice of Pendency of Other Action notifying the district court of the pending state court action. It also filed a motion to stay or dismiss this case pending resolution of the state court action.[1] On June 17 the district court granted Volusia County's motion. On July 14, in response to Noonan South's Motion for Clarification, the court entered an order indicating that its June 17 order was a dismissal of this action. The court stated: "The identical state court action was filed prior to this instant suit, and is the more appropriate forum to decide the issues." This appeal followed.

There is no disagreement over the applicable law in this appeal. Both parties acknowledge that the question of whether a federal court may stay or dismiss an action pending the resolution of a parallel state court action is governed by the Supreme Court's decisions in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The parties only disagree over the application of the standards set forth in those cases to the facts of this case.

In *Colorado River* the Supreme Court held that under certain circumstances a federal court action may be dismissed in deference to a parallel state court action in the interest "of '[w]ise judicial administration.'" 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). The Court cautioned, however, that such dismissals would be warranted only under exceptional circumstances. It stressed "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." 424 U.S. at 817, 96 S.Ct. at 1246. The Court concluded:

> Given this obligation ... the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention.

*Id.* at 818, 96 S.Ct. at 1246. The Court suggested that federal courts consider a number of factors in determining the appropriateness of dismissal: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. *Id.*

In *Moses H. Cone* the Court reaffirmed its earlier decision in *Colorado River* and again stressed that an action in federal court should not be stayed or dismissed pending a parallel state proceeding absent exceptional circumstances. 460 U.S. at 15–19, 103 S.Ct. at 936–939. In discussing the factors relevant to a determination of whether such exceptional circumstances are present, the Court repeated the four factors listed in *Colorado River*. *Id.* at 19–22, 103 S.Ct. at 939–941. In addition, the Court mentioned two additional factors: (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties' rights. *Id.* at 23–27, 103 S.Ct. at 941–943.

---

1. On May 26, 1987 Noonan South removed Volusia County's state court action to federal court. Noonan South then filed a motion in this action to consolidate the two cases. Because the district court dismissed Noonan South's action, it did not rule on Noonan South's motion to consolidate. Volusia County's motion to remand remains pending.

■ The most important requirement underlying a district court's analysis of whether there exist exceptional circumstances sufficient to warrant dismissal is that the circumstances be *exceptional.* By considering and balancing the six factors enumerated by the Supreme Court, a district court will be able to identify when the circumstances are exceptional. In this case, the district court made no findings at all with respect to any of the factors, and failed to make any determination whether or not the circumstances where so exceptional that dismissal was even an option. The district court's summary statement that the Florida state court was the more appropriate forum will not suffice under *Colorado River* and *Moses H. Cone.*

At the outset we note that at the time the district court dismissed this action there was no parallel state court action. Subsequent to Volusia County's motion to dismiss, but prior to the district court's order granting the motion, Noonan South removed the state court action to federal court where it remains pending Volusia County's motion to remand. Thus this case does not even fit within the *Colorado River* framework.

■ Conducting the required analysis, however, we find the record shows that the undisputed circumstances in this case are far from exceptional. The first factor is inapplicable, as neither court has assumed jurisdiction over any property. Nor does the second factor, which focuses on the convenience of the forums, favor dismissal. This action was pending in Orlando, which is but fifty miles from Daytona Beach, the site of Volusia County's state court action. Any inconvenience associated with litigating in federal court would thus be negligible.

The third factor focuses on the avoidance of piecemeal litigation. Noonan South contends that all parties to the state court

action can be joined in the federal action and that there would be no danger of piecemeal litigation associated with allowing the federal action to go forward. It argues that Volusia County could join the non-diverse parties as counterdefendants in the federal action pursuant to Rule 13(h) of the Federal Rules of Civil Procedure. At oral argument, Volusia County even conceded that the non-diverse parties could be brought into the federal action.[2] Thus Volusia County has conceded that the third factor does not weigh in favor of dismissal.

Turning next to the fourth factor, we must consider "the order in which jurisdiction was obtained by the concurrent forums...." *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1247. Despite the manner in which the Supreme Court initially phrased this factor, it does not turn on which complaint was filed first. Instead, it is measured "in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21, 103 S.Ct. at 940. Here, Volusia County's state court action is no further along than is this case. At present, the state action has been removed to federal court, where it awaits the district court's ruling on Volusia County's motion to remand. Thus, this factor does not counsel in favor of dismissal.

The fifth factor turns on what law will govern the parties' claims. Here, it is undisputed that Florida law governs all the parties' claims. Thus, this factor weighs in favor of dismissal. How much weight it carries, however, is questionable. As Noonan South points out, all federal actions based on diversity jurisdiction are governed by state substantive law. In addition, the claims involved in this case are simple tort and breach of contract claims. This action does not involve complex questions of state law that a state court might be best suited to resolve.

---

**2.** We note, however, that this may not be correct. Although Noonan South correctly argues that Rule 13(h) allows a counterclaimant to join additional parties, it does not follow that the non-diverse parties can always be joined. A district court has ancillary jurisdiction over non-diverse parties to a counterclaim only if the

counterclaim is compulsory. *See Plant v. Blazer Fin. Servs., Inc.,* 598 F.2d 1357, 1359 (5th Cir. 1979). The record does not disclose whether a compulsory counterclaim against the architects could be stated. This uncertainty does not alter our ultimate conclusion.

Finally, we must consider the adequacy of the respective forums to protect the parties' rights. Volusia County argues that because the state proceedings are adequate to protect the parties' rights, this factor weighs in favor of dismissal. We disagree. The fact that both forums are adequate to protect the parties' rights merely renders this factor neutral on the question of whether the federal action should be dismissed. This factor will only weigh in favor or against dismissal when one of the forums is *inadequate* to protect a party's rights.

Having reviewed the factors set forth in *Colorado River* and *Moses H. Cone,* we conclude that the district court abused its discretion in dismissing this action. None of the six factors weighs significantly in favor of dismissal. The dismissal of an action in deference to parallel state proceedings is an extraordinary step that should not be undertaken absent a danger of a serious waste of judicial resources. As the Supreme Court stated in *Moses H. Cone*:

> [O]ur task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist "exceptional" circumstances, the "clearest of justifications," that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction.

460 U.S. at 25–26, 103 S.Ct. at 942 (emphasis in original). Accordingly we reverse the district court's judgment and remand the case with instructions that the action be reinstated.

REVERSED and REMANDED.