**FIRST NATIONAL BANK OF ATLANTA, Plaintiff,**

v.

**Jasper L. LICARI and Douglas K. McBean, Defendants.**

**Civ. A. No. 1:88–CV–1283–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 26, 1988.

Paula M. Rafferty, Long, Aldridge & Norman, Atlanta, Ga., for plaintiff.

Betty H. Morris, Boyce, Thompson & O'Brien, Norcross, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This action is before the court on defendants Licari and McBean's motion for dismissal or, in the alternative, for stay filed

July 11, 1988. This memorandum order follows the court's verbal ruling on the motion at a conference with counsel October 3, 1988. As discussed below, the motion is DENIED.

This is an action on a personal guaranty of a business loan. Jurisdiction is premised on diversity of the parties, with the plaintiff a Georgia resident and the defendants California residents.[1] This motion to dismiss or to stay is based on the fact that there is a pending action brought by Licari and McBean in a California court. That state action was filed December 2, 1987 against First National Bank of Atlanta. In that action, Licari and McBean as plaintiffs are seeking recovery for intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, declaratory relief that the personal guaranties and covenant not to sue are unenforceable, and for indemnity for damages incurred because of the failure of their business. Apparently, this California action was not served on the bank until April, 1988. The bank answered and filed a "cross-complaint" in the California state court action on June 14, 1988, the same day as it filed the present federal action. The cross-complaint seeks damages for breach of contract, breach of the guaranty agreement, fraudulent misrepresentation, negligent misrepresentation, and conversion of collateral. There is also a pending related federal case brought by the bank against AMR, Inc., Civil Action No. 1:88–CV–1284–JOF.

DISCUSSION.

 A dismissal or stay of a federal court action because of a pending state court action can only be based on limited grounds. The Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), discussed, in addition to the three traditional abstention grounds, a fourth ground for dismissal.[2] This alter-

---

1. Defendants contest whether this court has personal jurisdiction over them, and a motion to dismiss for lack of personal jurisdiction is pending.

2. The three traditional grounds for abstention include (1) cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law; (2) where there have been presented difficult questions of state

nate ground is one of exceptional circumstances, based on principles of wise judicial administration, regard for conservation of judicial resources and comprehensive disposition of litigation. *Id.* at 817, 96 S.Ct. at 1246. The Court emphasized that only the clearest justifications will warrant dismissal, because circumstances to justify dismissal under this exception are more limited than those for abstention. *Id.* at 818, 96 S.Ct. at 1246–47; *see also, Forehand v. First Alabama Bank,* 727 F.2d 1033 (11th Cir.1984). Abstention itself is an extraordinary and narrow exception to the duty of a district court to adjudicate the controversy properly before it. *Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244. The Supreme Court set out some factors that go into the consideration of whether to dismiss under the exceptional circumstances test. Courts should consider (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. *Id.* at 818, 96 S.Ct. at 1246–47.

The Supreme Court again considered the exceptional circumstances exception to jurisdiction in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The Court reaffirmed that this exception is narrow and can only be justified by truly exceptional circumstances. The determination must be based on careful balancing of important factors, with the balance heavily weighted in favor of the exercise of jurisdiction. The Court added another two factors to those in *Colorado River,* whether federal law provides the source of law for the decision on the merits, and the adequacy of the state court proceeding to protect the rights of the litigants. *Id.* at 23, 26, 103 S.Ct. at 941, 942. The Court also ruled that the standards are the same for a stay of the proceeding as for a dismissal. *Id.*

■ The decision to stay or dismiss a case under the exceptional circumstances test must be evaluated in light of the court's strong obligation not to dismiss in the absence of exceptional circumstances. *American Manufacturers Mut. Ins. Co. v. Edward D. Stone, Jr. and Assoc.,* 743 F.2d 1519, 1525 (11th Cir.1984). The most important factor is that the circumstances are *exceptional. Noonan South, Inc. v. County of Volusia,* 841 F.2d 380 (11th Cir.1988). Balancing the factors set out above enables the court to identify when the circumstances are exceptional. *Id.* Simply because a state court is the more appropriate court is not sufficient to justify dismissal under *Colorado River* and *Moses H. Cone. Id.*

■ In considering the factors, it is apparent that a dismissal or stay is not appropriate in this case. First, there is no property at issue over which either court has obtained jurisdiction, therefore the first factor is inapplicable.

Second, both forums are equally convenient. Defendants assert that both defendants are residents of California, most of the pertinent witnesses are located in California, and one of the defendants is ill. Plaintiff points out that the federal forum in Georgia is more convenient for the plaintiff, as it is located in Georgia. Also, it contends that there is no indication that there are numerous witnesses in California, and points out that the defendants' business is or was operated in Georgia and Pennsylvania, and that the plaintiff's officers and the pertinent documents are in Atlanta. Plaintiff also points out that the defendants have shown they are able to litigate in Georgia because they filed bankruptcy and an adversary proceeding for their business here in Georgia. Plaintiff also contends that Georgia law must be applied and that in the guaranties the defendants specifically agreed to litigate in

law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; and (3) where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places exhibiting obscene films, or collection of state taxes. *Colorado River,* 424 U.S. at 816, 96 S.Ct. at 1246–47.

Georgia. However, defendants contend that the forum selection clause in the guaranty agreement was non-mandatory and that the contract is void. Plaintiff also points out that the defendants have had Georgia legal counsel for years and that this court will hear the related federal case whether or not this case is dismissed or stayed. Plaintiff finally asserts that there are less drastic methods for dealing with the defendant's illness, including taking depositions in California. In considering all these factors, it is apparent that both forums are equally convenient. Some witnesses are in California, some are in Georgia. In either case one party would have to travel to the distant forum. The only fact weighing in favor of dismissal is the defendant's illness.

Third, defendants urge that because the California action is more comprehensive and has more claims, it will dispose of all the issues between the parties, whereas this case will only resolve the guaranty issue. Defendants also contend that retaining jurisdiction over this case could result in conflicting rulings by the two courts. Plaintiff urges that the doctrine of collateral estoppel will eliminate any danger of conflicting results. The risk of piecemeal litigation must arise from the forum in which the case is heard, not simply because the law requires it or the parties have chosen to make different claims in the different courts. In *Moses H. Cone*, 460 U.S. at 1, 103 S.Ct. at 927, the fact that two courts ultimately would hear different aspects of the case arose from the particular law at issue there, arbitration under 9 U.S.C. § 1, *et seq.*, not because of which court would hear the claims. In the present case, all the claims could be tried in either court based on state substantive law. This federal action is more limited in its scope because the parties have chosen to state their claims this way. Just because the case will be heard in federal court does not in itself create a fractured case. Furthermore, collateral estoppel is sufficient to eliminate the risk of conflicting results between the two courts.

Fourth, though the California action technically began before this federal action, both suits are at the same stage of litigation. The California action was filed December 2, 1987. However, the defendants Licari and McBean did not serve the bank for four and a half months. In considering this factor, the court must measure the time span by how much progress has been made in both suits, not strictly by which one was filed first. *Moses H. Cone*, 460 U.S. at 1, 103 S.Ct. at 927; *Noonan South*, 841 F.2d at 380. Here, both cases are at their preliminary pleading stages. Moreover, the fact that the state action was not served for four months indicates that that action was not being prosecuted seriously.

Fifth, in this case federal law does not play a role in the decision on the merits. Here, all claims are based on state substantive law. The parties already have begun to argue whether Georgia law or California law shall apply to the claims and therefore each argues that either the California or Georgia court would be better suited to decide that law. However, for the present determination, it does not matter which state law will be applied. Each forum can apply the other's law equally well. The significant factor is federal law versus state law; whether federal law provides for the decision on the merits. In *Noonan South*, all claims were brought under substantive state law. The Eleventh Circuit stated that the fact that state law provided the sole rule of decision favored dismissal but only very slightly. The court noted that all diversity actions are based on state substantive law. In *Noonan South*, the state law was not complex or novel that would be better left to a state court. Similarly, in this case the state law claims do not appear to be complex or novel so that a California state court would be better situated to resolve the disputes.

Finally, both courts are adequate to protect the rights of the litigants. Because both are adequate, this factor is neutral. *Noonan South*, 841 F.2d at 383.

■ Dismissal of a federal action in deference to a parallel state proceeding is an extraordinary step that should not be un-

dertaken absent a danger of serious waste of judicial resources. *Noonan South,* 841 F.2d at 380. The defendants are asking this court to surrender jurisdiction over a case and therefore must show exceptional circumstances, the "clearest of justifications," that can suffice under *Colorado River. Moses H. Cone,* 460 U.S. at 25–26, 103 S.Ct. at 942.

The defendants have not succeeded in showing exceptional circumstances. Each court is equally convenient to the parties, though the California court may have a slight preference because of the illness of one of the defendants. Further, this case will not be decided in a piecemeal fashion because of the forum, both cases are at the same stage of litigation, and in fact, indications are that the state court action is not being prosecuted seriously. State law provides the decisional law, but both forums can apply that law equally well. Last, both forums can adequately protect the litigants' interests. There is nothing extraordinary in this case to warrant surrender of jurisdiction, only the usual problems when there are two parallel actions over the same matter. None of the factors as discussed above tips the scales away from the heavy preference for exercising jurisdiction as described by the Supreme Court in *Moses H. Cone.* Therefore, defendants' motion to dismiss or, in the alternative, for a stay is DENIED.

This case has also been submitted to this court on defendants' motion to dismiss for lack of personal jurisdiction that was filed September 14, 1988. However, this motion is not yet ripe for decision. The parties will file responses to the motion under the schedule developed in the October 3, 1988 conference with the court. The Clerk of Court is DIRECTED to resubmit the motion to dismiss for lack of personal jurisdiction after the response is filed by the plaintiff. If no response is filed by January 1, 1989, the Clerk is DIRECTED to resubmit the motion for direction by the court.

SO ORDERED.