**HOHENBERG BROS. CO.,**
**et al., Plaintiffs,**

v.

**ANDERSON LOGISTICS SERVICE CORP., et al., Defendants.**

**HOHENBERG BROS. CO.,**
**et al., Plaintiffs,**

v.

**BULLOCH GIN, INC., d/b/a Bulloch Gin Warehouse, et al. Defendants.**

No. CV 698–040, CV 698–048.

United States District Court,
S.D. Georgia,
Statesboro Division.

May 8, 1998.

Glen M. Darbyshire, John Milton Tatum, Hunter, Maclean, Exley & Dunn, Savannah, GA, for Hohenberg Bros. Co., Loeb & Co. Inc., Weil Brothers–Cotton, Inc., Montgomery Co., Inc., Farm Chemicals, Inc.

Wiley A. Wasden, III, Brennan & Wasden, Inman Gregory Hodges, Patricia Tanzer Paul, Oliver, Maner & Gray, Savannah, GA, for Groover Farms, Inc.

## ORDER

JOHN F. NANGLE, District Judge.

At a status conference held on April 10, 1998, the parties in the above-captioned cases were directed to brief the issue of this Court's jurisdiction in light of a pending action in Bulloch County Superior Court, Ogeechee Judicial Circuit, Georgia, and a pending related bankruptcy case in the United States Bankruptcy Court for the Southern District of Georgia. Plaintiffs filed a brief arguing for the jurisdiction of this Court and defendants filed a motion to dismiss for lack of jurisdiction or in the alternative to dismiss under the exceptional circumstances doctrine of abstention. The issue is now ripe for disposition. For the reasons set forth below, the Court finds that it has jurisdiction over all parties except for defendant Bulloch Gin, Inc., d/b/a Bulloch Gin Warehouse ("Bulloch Gin"). The Court further finds that there are insufficient grounds for this Court to abstain or grant a stay pending resolution of the Bulloch County case and therefore the cases will proceed.

## BACKGROUND

Plaintiffs are cotton merchants and defendants are cotton gins and/or warehouses ("defendant warehouses") and individual cotton growers or cotton growing corporations or partnerships ("defendant growers"). Each defendant warehouse operates a cotton warehouse for the storage and shipment of cotton in interstate or foreign commerce under a license issued by the State of Georgia or the United States. Each defendant grower grows cotton and has entrusted his cotton to one or more warehouses operated by one or more of the defendant warehouses. Each bale of cotton entrusted to defendant warehouses is tagged and identified with a number pursuant to procedures set out in the United States Warehouse Act (the "Warehouse Act"), 7 U.S.C. § 241 et seq. The Warehouse Act requires information about said cotton to be included in a receipt and filed in a central filing system maintained in accordance with regulations issued by the Secretary of Agriculture.

Each plaintiff purchased certain bales of cotton from the Sea Island Cotton Trading Company,[1] which purchase resulted in such plaintiff being named as the holder of the receipt representing the cotton bales purchased. Each plaintiff is now the designated holder in the central filing system of the receipt for each bale of cotton purchased by that plaintiff. Plaintiffs allege that the Warehouse Act requires defendant warehouses, in the absence of a lawful excuse, to deliver the cotton to plaintiffs on demand if plaintiffs meet certain conditions. Plaintiffs allege they have met said conditions and complied with any and all applicable laws and defendant warehouses have refused to deliver any of the cotton to plaintiffs. Defendant growers allege they have an interest in the cotton in conflict with the rights of plaintiffs.

Plaintiffs filed the above-captioned cases on March 13, 1998 (698–40), and March 31, 1998 (698–48), seeking a declaratory judgment that they own the cotton and are entitled to exclusive possession and delivery of

---

1. Sea Island Cotton Trading Company is a cotton broker which is the debtor in the related involuntary bankruptcy case, *In Re: Sea Island Cotton Trading Co., Inc.,* United States Bankruptcy Court for the Southern District of Georgia, Chapter 7, Case No. 98–60161. Along with the main case, there are two adversary cases, no. 98–6007 and no. 98–6009.

the cotton on demand. They also seek an injunction to prohibit defendant warehouses from refusing to deliver the cotton to plaintiffs on demand and to prohibit defendant growers from interfering with deliveries by falsely claiming any interest in the cotton. Plaintiffs also seek damages for breach of contract, breach of statutory duties, conversion of property, and interference with statutory and contractual rights.

Prior to the filing of these cases, Bulloch Gin filed an action for equitable interpleader in the Bulloch County Superior Court on February 26, 1998, against all parties asserting rights to the cotton it possesses. On that same day, the Honorable William E. Woodrum, Jr., Judge of the Bulloch County Superior Court, issued a Temporary Restraining Order ("TRO") enjoining Bulloch Gin from transferring any of the cotton in its possession. The TRO also enjoined the defendants in that case from filing any other lawsuits against Bulloch Gin.[2] Although the TRO appears to have expired by law on March 26, 1998, Judge Woodrum issued an order on April 21, 1998, which brought forward the terms of the TRO as an injunction.[3]

## ANALYSIS

### I. JURISDICTION

As an initial matter, the Court notes that jurisdiction in the present cases is based on both federal question and diversity of citizenship. The Warehouse Act, 7 U.S.C. § 241 *et seq.*, governs the rights of the parties in the present dispute,[4] providing the basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. In addition, this Court also has jurisdiction based on diversity, pursuant to 28 U.S.C. § 1332, because all plaintiffs involved in these cases are corporations with their principal place of business outside of

2. Plaintiffs in the present cases are defendants in the Bulloch County action.

3. Plaintiffs filed CV 698–48 against Bulloch Gin on March 31, 1998, apparently after the TRO had expired and before Judge Woodrum had issued the injunction.

4. The Warehouse Act governs possessory rights to cotton where electronic warehouse receipts have been issued by stating:
   (2) Notwithstanding any other provision of Federal or State law:

Georgia and all defendants are either Georgia citizens or corporations with their principal place of business in Georgia. Further, the amount in controversy exceeds $75,000.

**■**] Defendants argue that this Court lacks jurisdiction because there is a parallel state action involving the same controversy, both actions are in rem and the state court has already exercised its jurisdiction over the rem. *See PPG Indus. v. Continental Oil Co.*, 478 F.2d 674, 677 (5th Cir.1973)(holding when there are parallel state and federal actions involving same controversy where grant of effective relief requires control of the res the court first assuming jurisdiction deprives second court of jurisdiction).[5] *See also Penn General Casualty Co. v. Commonwealth of Pennsylvania ex rel Schnader*, 294 U.S. 189, 195–96, 55 S.Ct. 386, 79 L.Ed. 850 (1935)(same). Plaintiffs argue, however, that there is no parallel state action. The Court agrees. The Bulloch County case only involves a small portion of the cotton at issue in the present cases and only involves some of the parties in these cases. While the Bulloch County Superior Court has exercised jurisdiction over the cotton located in Bulloch Gin's warehouse, it has not exercised jurisdiction over the numerous remaining bales of cotton which are the subject of the present actions. Because the Bulloch County Superior Court has exercised jurisdiction over the cotton in Bulloch Gin's possession, this Court does not have jurisdiction over the dispute surrounding that cotton. *Id.* The jurisdictional problem will be resolved by dismissing Bulloch Gin from case number CV 698–48, which will allow the remaining parties to proceed.

(A) The record of the possessory interests of persons in cotton included in any such central filing system shall be deemed to be a receipt for the purposes of this chapter or State law and shall establish the possessory interest of persons in the cotton.
7 U.S.C. § 259(c)(2)(A).

5. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

## II. ABSTENTION UNDER EXCEPTIONAL CIRCUMSTANCES DOCTRINE

■ Defendants argue that if this Court finds it has jurisdiction it should abstain from exercising it pursuant to the exceptional circumstances doctrine set out by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In *Colorado River*, the Supreme Court held that "under certain circumstances a federal court action may be dismissed in deference to a parallel state court action in the interest 'of [w]ise judicial administration.'" *Noonan South, Inc. v. County of Volusia*, 841 F.2d 380, 381 (11th Cir.1988)(quoting *Colorado River*, 424 U.S. at 817 96 S.Ct. 1236). In *Colorado River* and *Moses H. Cone*, the Court set out six factors for a federal court to weigh when determining whether dismissal is appropriate. *See Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236; *Moses H. Cone*, 460 U.S. at 23–27, 103 S.Ct. 927. The factors are: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the forums; (5) whether federal or state law will govern the merits; and (6) the adequacy of each forum to protect the rights of the parties. *Id.*

Applying said factors to the present cases, it becomes clear there is no basis for dismissing them. First, once Bulloch Gin is dismissed, the present cases will not involve property over which the state court has exercised its jurisdiction. Second, the federal forum is not inconvenient because it is only about fifty miles away from the Bulloch County Superior Court. *See Noonan*, 841 F.2d at 382 (holding any inconvenience associated with fifty mile distance between state court and federal court was negligible). Third, dismissal of the present suits would probably result in piecemeal litigation because several of the parties are not part of the Bulloch County case and would be forced to sue in other forums. The present suits provide a vehicle for deciding all claims except for those relating to the cotton located in the Bulloch Gin. Fourth, because there is no parallel proceeding in the state court, the order in which jurisdiction was obtained is not really relevant. Fifth, it is clear that federal law, pursuant to the Warehouse Act, 7 U.S.C. § 241 *et seq.*, provides the applicable law in these cases. Although the Warehouse Act does allow for state law defenses, this in no way alters the basic fact that these cases involve a federal question. *See* 7 U.S.C. § 259. Sixth, the federal forum is adequate to protect the rights of the parties, while the state forum is not because most of the parties involved in the present cases are not parties to the Bulloch County action. *See Noonan*, 841 F.2d at 383.

The present dispute simply does not involve the kind of exceptional circumstances required for a federal court to abstain from exercising its jurisdiction. In *Colorado River* and its progeny, the Supreme Court has repeatedly stressed "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 381 (citing *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236).

## III. BANKRUPTCY COURT STAY

■ Defendants also argue that the bales of cotton involved in the present cases may be property of the debtor in the related bankruptcy case, *In Re: Sea Island Cotton Trading Co., Inc.*, and therefore subject to the automatic stay provisions of 11 U.S.C. § 362(a). Plaintiffs argue that the cotton is not property of the debtor because the debtor sold said cotton before the bankruptcy proceeding was filed. *See In re Lewis*, 137 F.3d 1280, 1283 (11th Cir.1998)(holding property debtor had an interest in, which is sold prepetition, is not property of the bankruptcy estate). In addition, plaintiffs assert that the trustee has made no claim to the cotton and in fact has consented to the delivery of the cotton to the plaintiffs. (*See* plaintiffs' reply to defendants' motion to dismiss at exhibit 1). The Court agrees that the cotton involved in the present cases is not property of the estate of the debtor in the bankruptcy proceeding because the property at issue was sold by the debtor prepetition. These cases are therefore not subject to the automatic stay provisions of 11 U.S.C. § 362(a). Fur-

ther, the trustee has consented to the delivery of the cotton to the plaintiffs.

### CONCLUSION

For the foregoing reasons, the Court finds that it has jurisdiction over the above-captioned cases with the exception of defendant Bulloch Gin, that abstention is inappropriate and that the automatic stay provision of the Bankruptcy Code does not apply.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss the above-captioned cases for lack of jurisdiction or in the alternative to dismiss under the exceptional circumstances doctrine of abstention be and is granted in part with respect to defendant Bulloch Gin, Inc., d/b/a Bulloch Gin Warehouse in CV 698–48 and denied in part with respect to all remaining defendants in both CV 698–40 and CV 698–48.