**NOBEL INS. GROUP, Plaintiff,**

v.

**FIRST NAT'L BANK OF BRUNDIDGE, Defendant.**

**No. Civ.A. 99–D–238–N.**

United States District Court, M.D. Alabama, Northern Division.

May 12, 1999.

**1216**

Jeffrey E. Friedman, Joe L. Leak, Birmingham, AL, for plaintiff.

Joseph C. Espy, III, Suzanne D. Edwards, Montgomery, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant First National Bank of Brundidge's ("Bank") Motion To Dismiss Without Prejudice Or In The Alternative Motion To Stay ("Motion"), filed on April 21, 1999. Plaintiff Nobel Insurance Group ("Nobel") filed its Response To Motion To Dismiss Without Prejudice Or In The Alternative Motion To Stay ("Response") on April 29, 1999. Defendant Bank filed its Reply on May 3, 1999. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendant Bank's Motion is due to be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Nobel insured Western American Specialized Transportation Services, Inc. ("Western American") from August 1, 1995 through August 1, 1997. The Western American policy had a per claim deductible of $25,000.00 for the policy period from August 1, 1995 through August 1, 1996, and a per claim deductible of $10,000.00 for the policy period August 1, 1996 through August 1, 1997. Nobel required that "deductible collateral" be held by it in case of non-payment of any deductible amounts, and Western American provided Nobel three Letters of Credit issued by Defendant Bank. Bank issued the Letters of Credit at the order of Henry T. Strother, Jr. ("Strother") and William F. Hamrick ("Hamrick"). When the Western American account expired, Western American owed a large sum of money to Nobel for uncollected deductibles. Therefore, in December 1998, Nobel drew upon the Letters of Credit, but Defendant Bank refused to honor same.

Plaintiff Nobel commenced this action ("federal action") on March 9, 1999 by filing a two-count Complaint against Defendant Bank, wherein Plaintiff alleges that Defendant Bank: (1) wrongfully dishonored letters of credit (Count I); and (2) breached its contract with Plaintiff Nobel (Count II).[1] On April 6, 1999, Defendant filed a Motion To Join Parties, wherein Defendant sought to join Strother and Hamrick to the instant action because they are Bank's clients who ordered the issuance of the Letters of Credit. The court granted said motion by Order entered May 10, 1999. Discovery has yet to commence in this action.

On April 9, 1999, Hamrick commenced a declaratory judgment action in the Circuit Court of Montgomery County, Alabama ("state action") against the following defendants: Nobel, Western American, Bank, J.T. Rammage, III ("Rammage"), and Strother. Hamrick largely bases the state action on the same facts as in the federal action, yet alleges additional contentions. Nobel insured Western American, and Nobel required Western American to provide Letters of Credit. Hamrick contends that it was Rammage who "agreed on behalf of Bank to issue the required letter of credit." (State Compl. ¶ 11.) Further, Hamrick contends that "[i]t was never intended that Hamrick would be liable to the Bank on any letter of credit," and "Hamrick never signed a note, request, loan agreement, guaranty agreement, or any other document with the Bank relating to the Nobel letter of credit." (*Id.* ¶ 12.)

Hamrick seeks the following relief in the state action: a declaration that he is not liable to Bank or, if he is liable to Bank, a declaration that Strother, Rammage, and/or Western American are liable to him; a determination of the liability of

---

1. Plaintiff also brought a cause of action for fraud, but said claim was dismissed by Order entered May 10, 1999.

Western American to Nobel under the 1995 and 1996 policies; and a determination of the liability of Bank to Nobel under the letters of credit. Discovery has commenced in the state action; specifically, on April 9, 1999 Plaintiff Hamrick served his first Request For Production To Defendants.

## DISCUSSION

Defendant Bank seeks to dismiss, or, in the alternative, to stay this federal action under the abstention doctrine because a parallel state action exists, and the state action is more comprehensive than the instant federal action. Specifically, the state action contains parties not joined in the instant action. Plaintiff Nobel claims that the abstention doctrine does not warrant stay or dismissal of this action. The court agrees with Plaintiff Nobel and finds that Defendant Bank's Motion is due to be denied.

Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Given this obligation, a federal court:

> traditionally abstains from the exercise of its jurisdiction only in three narrow circumstances: (1) when a federal constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law [Pullman abstention]; (2) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case before the federal court [Burford abstention]; and (3) when, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining criminal proceedings [Younger abstention].

*ALW Mktg. Corp. v. Drumasky,* No. 1:91–CV–545RLV, 1991 WL 345313, at *1 (N.D.Ga. Apr. 28, 1991) (citations omitted). The court finds that none of these exceptions applies to the instant action.

However, there is also a fourth exception. "In *Colorado River* the Supreme Court held that under certain circumstances a federal action may be dismissed in deference to a parallel state action in the interest of wise judicial administration.'" *Noonan South, Inc. v. Volusia County,* 841 F.2d 380, 381 (11th Cir.1988). The Court cautioned that "a federal court may only dismiss an action because of parallel state court litigation only under 'exceptional' circumstances. Indeed, 'only the clearest of justifications will warrant dismissal.'" *American Bankers Ins. Co. of Fla. v. First State Ins. Co.,* 891 F.2d 882, 884 (11th Cir.1990) (citations omitted).

Even though the circumstances must be exceptional, the Court noted that there are situations that "nevertheless exist" which would warrant abstention. *Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236. The Court set forth the following factors to be considered in determining the appropriateness of dismissal of a federal action under the "exceptional circumstances" test: (1) whether one of the courts has assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. *Id.* at 800, 96 S.Ct. 1236. The Court later recognized two additional factors: (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties' rights. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 23–24, 26–27, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

■ In applying these six factors to the present case, the court notes that "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River,* 424 U.S. at 818–819, 96 S.Ct. 1236. As this passage makes clear, the decision whether to dismiss a federal action because of parallel state-

court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of exercising jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case. *See Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927.

■ The first factor, jurisdiction over the property, is inapplicable as a factor in this case because the underlying dispute sounds in contract and tort, and there is no specific property involved in this case. The second factor, the inconvenience of the federal forum, is negligible, if indeed it exists at all, because the instant action is pending in the Northern Division of the Middle District of Alabama, which is in Montgomery, and the state action is pending in Montgomery County. *See Noonan South,* 841 F.2d at 382.

The third factor focuses on the avoidance of piecemeal litigation. Currently, the state action is more comprehensive than the federal action as the former action encompasses the entirety of the federal action and includes parties and claims that are not present in the federal action. However, the court allowed Defendant Bank to join Hamrick and Strother as additional parties to the federal action on May 10, 1999. Further, Defendant Bank fails to present, and the court does not discern, any reason why other parties present in the state action but not in the federal action cannot be so joined to the latter. Thus, the court finds that the third factor does not weigh in favor of abstention. *See Noonan South,* 841 F.2d at 382. Further, even if all state action parties could not be joined in the instant federal action, this factor alone would not change the court's ultimate conclusion. *See id.* at 382 n. 2.

The fourth factor focuses on the order in which the courts obtained jurisdiction. "This factor ... is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus,

priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. 927. This factor favors abstention, but only to a small degree. While the federal action was filed prior to the state action, more progress has been made in the state action because discovery has begun, whereas discovery has yet to commence in the federal action. The court notes, however, that state action discovery is in the initial stages. To the court's knowledge, state action discovery consists solely of Plaintiff Hamrick serving an initial request for production of documents. Thus, the court finds that the state action has not significantly progressed so as to impact the court's abstention determination. *Cf. Metmor Fin., Inc. v. Commonwealth Land Title Ins. Co.,* 857 F.Supp. 1507, 1515 (M.D.Ala.1994), *aff'd,* 62 F.3d 401 (11th Cir.1995) (finding fourth factor to favor abstention where, in the state action, extensive discovery had been taken and numerous motions had been ruled on).

The fifth factor turns on what law governs the parties' claims. While Nobel's claims for breach of contract and wrongful dishonor of letters of credit will be governed by Alabama law, this factor does not necessarily favor abstention. As the Eleventh Circuit pointed out in *Noonan South,* "all federal actions based on diversity jurisdiction are governed by state substantive law. In addition, the claims involved in this case are simple tort and breach of contract claims. This action does not involve complex questions of state law that a state court might be best suited to resolve." 841 F.2d at 382. Thus, in deciding whether to abstain from this action, the court concludes that the fifth factor is neutral.

Finally, the court, in considering the adequacy of the respective forums to protect the rights of each party, finds both forums to provide adequate protection. "The fact that both forums are adequate to

protect the parties' rights merely renders this factor neutral on the question of whether the federal action should be dismissed." *Noonan South*, 841 F.2d at 383.

In balancing the six *Colorado River* factors against the obligation of the court to adjudicate controversies before it, the court finds that no "exceptional circumstances" exist in this case to warrant the court's abstention from this action. The mere potential for piecemeal litigation coupled with the slightly advanced state of discovery in the state action do not, in the opinion of the court, comprise exceptional circumstances. Therefore, the court finds that Defendant Bank's Motion is due to be denied.

## ORDER

Accordingly, it is CONSIDERED and ORDERED that Defendant Bank's Motion To Dismiss Without Prejudice Or In The Alternative Motion To Stay be and the same is hereby DENIED.