[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11798
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22403-JG


GARFIELD BAKER,
BYRON SMITH,

                                                            Plaintiffs - Appellants,


SHERMAN NEALY,
MUSIC SPECIALIST, INC.,

                                               Intervenor Plaintiffs - Appellants,


                              versus


WARNER/CHAPPELL MUSIC, INC.,
a Delaware Corporation,
ARTIST PUBLISHING GROUP, L.L.C.,
a Delaware limited liability corporation,
KAREN L. STETSON,
an individual,
321 MUSIC L.L.C.,
a Florida limited liability corporation,
TONY BULTER,
an individual,
PANDISC MUSIC CORPORATION,
a Florida corporation,

WHOOPING CRANE MUSIC, INC.,
a Florida Corporation,
ROBERT CRANE,
an individual,

                                        Defendants - Appellees,

ATLANTIC RECORDING CORPORATION, et al.,

                                        Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 27, 2018)

Before WILSON, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Garfield Baker, Byron Smith, Sherman Nealy, and Music Specialists, Inc. appeal a district court order granting Robert Crane, Pandisc Music Corporation, and Whooping Crane Music, Inc. a stay under the *Colorado River* doctrine in deference to related state-court litigation. In invoking the doctrine, the district court found that the federal and state suits at issue were sufficiently parallel and that the *Colorado River* factors weighed in favor of abstention. Although the *Colorado River* doctrine provides but a narrow exception to our "virtually unflagging obligation" to exercise our jurisdiction when it exists, we cannot say

that the district court abused its discretion in granting the motion to stay. We affirm.

## I

This case concerns the rights and royalties to 14 songs co-authored by Garfield Baker, Byron Smith, Tony Butler, and Sherman Nealy between 1984 and 1987. Nealy's company, Music Specialists, Inc., was the first to record, publish, and distribute these songs; it also filed the original copyright registrations for most of the songs. Music Specialists was administratively dissolved, however, between 1986 and 2008 while Nealy was incarcerated.

During this time, Butler—along with his companies Captain Productions and C-Tan Music—decided to license the rights to the songs without Music Specialists's involvement. Between 1989 and 1992 Butler entered into several licensing agreements with Robert Crane and Crane's companies Pandisc Music Corporation and Whooping Crane Music, Inc.

In 2006, the Crane companies sued the Butler companies in Florida state court, alleging that Butler was falsely telling third parties that Crane did not have any licensing rights to the subject songs. Two years later, Butler—through a new company called 321 Music, LLC—entered into yet another licensing agreement, this time with Warner/Chappell Music, purporting to license the same songs he had earlier licensed to the Crane companies. The Crane companies then filed a

3

copyright-infringement suit against Butler and Warner/Chappell Music in federal court to protect their rights in the songs.  Two of the other songwriters, Baker and Smith, moved to intervene, claiming copyright infringement and constructive trust. All of the parties reached a settlement agreement that outlined a distribution of royalties based in part on Butler's representations that he had recently re-licensed the songs to another company, Universal UK.

After the agreement, however, some dispute arose as to whether Butler had indeed contracted with Universal UK, resulting in royalties to be distributed per the settlement agreement.  Baker and Smith filed several motions to enforce the agreement in federal court, but the district judge denied the motions, explaining that it no longer had jurisdiction over the settlement agreement and that any recourse to be had would be found in a state-court contract action.

Baker and Smith instead initiated this suit in federal court,[1] alleging that they were the "beneficial owners" of the works at issue because they had assigned their original rights in the songs to Music Specialists in exchange for royalties.[2] After the district judge dismissed the first two complaints for, among other things,

---

[1] About a month after filing this suit, Baker and Smith also filed a breach-of-contract claim in state court seeking to recover royalties allegedly due under the settlement agreement.  The second state-court case has been stayed pending resolution of this suit.

[2] Baker and Smith, initiating this suit *pro se*, at first asserted that they were the "copyright owners" of the songs, but in their reply to the Crane companies' motion to dismiss they clarified that they were the "beneficial owners," entitled to royalties based on Music Specialists's copyright ownership.

4

"shotgun" pleadings, the parties consented to magistrate-judge jurisdiction, and Baker and Smith filed the currently-operative complaint.  The magistrate judge granted Nealy and Music Specialists leave to intervene, based on claims that Music Specialists was "the sole and exclusive owner" of the copyrights and that it had never assigned its rights to anyone else.

The Crane companies then moved to stay this proceeding under the *Colorado River* doctrine pending resolution of the original 2006 state-court proceeding.[3]  The district court granted the motion, and Baker, Smith, Nealy, and Music Specialists timely appealed.

## II

The *Colorado River* doctrine "addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts."  *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004).  We review a district court's order abstaining from the exercise of jurisdiction on *Colorado River* grounds for abuse of discretion.  *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294 (11th Cir. 1998).

Our precedent makes clear that federal courts should rarely yield jurisdiction to a state court simply because litigation would be duplicative—a pending action in state court does not normally bar proceedings regarding the same matter in federal

---

[3] Defendants-Appellees Warner/Chappell Music, Inc., Artist Publishing Group, LLC, and Karen L. Stetson separately filed a motion to dismiss which the district court denied.

5

court.  *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013).  That said, in *Colorado River Water Conservation District v. United States*, the Supreme Court acknowledged that federal courts could abstain from exercising otherwise-proper jurisdiction in certain extraordinary circumstances involving the "contemporaneous exercise of concurrent jurisdictions."  424 U.S. 800, 814, 817 (1976).  The Court clarified, however, that such instances would be rare, as federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" when it exists.  *Id.* at 817 (citation omitted).

## A

As a threshold matter, the *Colorado River* analysis is limited to situations in which federal and state proceedings involve "substantially the same parties and substantially the same issues."  *Ambrosia Coal*, 368 F.3d at 1330.  In this case, they do.  As the district court correctly observed, both the state and federal proceedings here concern the same issue: ownership of and licensing rights to certain musical works.  The parties are also substantially the same—in state court, the Crane companies sued to enjoin the Butler companies and Music Specialists from claiming ownership rights in the songs; in federal court Music Specialists, Nealy, Baker, and Smith sued the Crane companies, seeking a declaration of rights in the same songs.  Although Baker and Smith are not parties to the state action, as "beneficial owners" their alleged interest is inextricably linked to Music

6

Specialists's ownership interest, which is directly at issue in the state proceeding. As such, the parties in the state and federal proceedings are "substantially" the same such that this Court may consider the *Colorado River* factors. *Id.* at 1329–30 (rejecting an argument that parties and issues must be identical to trigger *Colorado River* abstention).

**B**

When the parties and issues are substantially the same, we analyze the propriety of *Colorado River* abstention by weighing several factors: (1) whether the state or federal court has assumed jurisdiction over any property at issue; (2) the relative inconvenience of the federal forum; (3) the likelihood of "piecemeal litigation"; (4) the order in which the courts obtained jurisdiction; (5) whether state or federal law will be applied; (6) whether the state court can adequately protect the parties' rights; and (7) "the vexatious or reactive nature of either the federal or the state litigation." *See Ambrosia Coal*, 368 F.3d at 1331; *Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir. 1990) (per curiam). In conducting this analysis we consider the factors pragmatically, keeping in mind that "[n]o one factor is necessarily determinative," *Colorado River*, 424 U.S. at 818, and that while "[t]he weight to be given to any one factor may vary greatly from case to case," our analysis as a whole should be "heavily weighted in favor of

7

the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

The first two factors require only a brief look here. As to the first, the relevant cases are not proceedings *in rem* so this factor is inapplicable—neither court has taken jurisdiction over property. And as to the second, convenience of the forums, neither party contends that the federal forum is less convenient than the state forum. Thus, neither the first nor the second factor weighs in favor of abstention. *See Ambrosia Coal*, 368 F.3d at 1332.

Looking to the third factor, the district court appropriately found that the likelihood of piecemeal litigation weighs in favor of abstention. Our case law instructs that while the potential for piecemeal litigation does not in and of itself weigh in favor of abstention, the probability of "abnormally excessive or deleterious" piecemeal litigation does. *Jackson-Platts*, 727 F.3d at 1142. Here, Baker and Smith filed a suit in federal court seeking to determine the same ownership and licensing issues pending in state court (and arguably already decided in an earlier state-court proceeding), including whether Music Specialists has rights in the musical works. This parallel federal litigation is not tangentially or somewhat related to the state suit—the issues are essentially identical. The possibility that this Court and the state court will come to contradictory conclusions on which licensing agreements are lawful and which parties own the

8

songs could certainly create "piecemeal litigation that is abnormally excessive or deleterious." *Ambrosia Coal*, 368 F.3d at 1333. Thus, the third *Colorado River* factor weighs in favor of abstention.

The fourth factor—namely, the order in which the forums obtained jurisdiction—"should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone,* 460 U.S. at 21. Here, the state suit was not only filed long before the federal suit—2006 versus 2014—it has progressed further. In the state-court proceeding, the parties have gone through discovery and a motion for summary judgment is pending. In the federal proceeding, by contrast, discovery has yet to occur—the district court recently denied the other Defendants-Appellees's motion to dismiss but granted the Crane companies' motion to stay, resulting in this appeal. Given the progress made in state court, this *Colorado River* factor weighs in favor of abstention.

The fifth factor, whether state or federal law controls, "favors abstention only where the applicable state law is particularly complex or best left for state courts to resolve." *Jackson-Platts*, 727 F.3d at 1143; *see also Noonan South v. Volusia Cty.*, 841 F.2d 380, 382 (11th Cir. 1988) (same). Here, although the interpretation of the licensing agreements at issue is a matter of state law, federal

9

courts are well equipped to decide contract cases under state law and routinely do so.  Because of this, the fifth factor does not counsel in favor of abstention.

The sixth factor, whether the state court will adequately protect the interests of the parties, is similarly neutral because nothing indicates that either forum would be incapable of protecting the parties' rights in a routine contracts action. *See Noonan South*, 841 F.2d at 383 (explaining that this factor does not weigh in favor of abstention when both forums are adequate to protect the parties' rights).

The seventh factor—"the vexatious or reactive nature of either the federal or the state litigation"—weighs in favor of abstention.  Baker and Smith filed this federal copyright lawsuit on the heels of an unsuccessful attempt to enforce a settlement agreement in federal court and one month before filing a breach-of-contract action concerning the same settlement agreement in state court.  The initial complaint in this case was dismissed as an impermissible "shotgun pleading" because it named nine defendants in six counts with no attempt to clarify who was allegedly responsible for what.  *See, e.g.*, *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (holding that plaintiffs are required to "present each claim for relief in a separate count" rather than asserting numerous claims within a single count).  Moreover, Baker and Smith filed the present suit long after the state court had been asked to decide Music Specialists's ownership interest in the songs—on which their derivative

10

"beneficial" interests depend.  This sequence of events indicates that this suit is likely reactive, weighing in favor of abstention.  *See Moses H. Cone*, 460 U.S. at 17 n.20; *Ambrosia Coal*, 368 F.3d at 1331.

Although only three of the seven factors weigh in favor of abstention here, we do not find that the district court abused its discretion in granting the Crane and Warner companies' motion to stay.  Given that the state and federal proceedings both directly concern ownership rights in the contested works, that the state court proceedings have been unfolding for over a decade, and that Baker and Smith filed their federal complaint as an apparent end run around the settlement agreement, this case arguably fits within the narrow exception for *Colorado River* abstention, even given the presumption in favor of exercising jurisdiction.[4]  *See Moses H. Cone*, 460 U.S. at 16 (advising that "[t]he weight to be given to any one factor may vary greatly from case to case"); *Colorado River*, 424 U.S. at 818 (instructing that the factors should be applied flexibly and pragmatically).

In so holding we note that whether we would come out differently considering this question in the first instance is irrelevant—our review is for abuse of discretion.  "The application of an abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach." *United States v.*

---

[4] We also note that Baker and Smith brought copyright-infringement claims in the 2009 federal suit, and that the suit was resolved via a settlement agreement.  Because we do not find that the district court abused its discretion in granting a stay, we need not address whether Baker and Smith's claims are also collaterally estopped.

11

*Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).  Thus, "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."  *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007) (quotation omitted).  The district court in this case carefully examined the *Colorado River* factors and reasonably concluded that abstention was warranted.  We will not disturb its decision.

## III

In sum, the district court did not abuse its discretion in staying this case under the *Colorado River* doctrine pending the resolution of the parallel state court action.

**AFFIRMED.**

12