**ALLIED MACHINERY SERVICE, INC.,**
a Florida corporation, Plaintiff,

v.

**CATERPILLAR INC., a Delaware**
corporation, Defendant.

No. 93–1182–CIV.

United States District Court,
S.D. Florida.

Nov. 1, 1993.

Robert Zarco, Zarco & Associates, P.A., Lewis R. Cohen, Scharlin, Lanzetta and Cohen, Miami, FL, for plaintiff.

Gregory L. Baker, Tamra L. Thompson, Howrey & Simon, Washington, DC, Benedict P. Kuehne, Sonnett Sale & Kuehne, P.A., Miami, FL, for defendant.

### ORDER STAYING SUIT PENDING RESOLUTION OF DUPLICATIVE STATE COURT CASE

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes to this Court upon Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment (D.E.

# 5), filed July 12, 1993. After seeking and obtaining five extensions of time from this Court, Plaintiff finally filed its Response (D.E. # 33) on August 18, 1993. Defendant filed a Supplemental Memorandum in Support of its Motion to Dismiss (D.E. # 44) on September 8, 1993, and its Reply to Plaintiff's Response to its Motion to Dismiss (D.E. # 45) on September 9, 1993. This Court heard oral argument on these Motions at a hearing held on September 10, 1993.

## I. Background of the case

In its simplest form, this case is an antitrust suit. Defendant corporation designs, manufactures and sells sophisticated earth-moving and construction equipment and replacement parts ("Caterpillar products"). Defendant sells and services its products through a network of retail dealers located throughout the United States and abroad. Plaintiff corporation exports replacement parts. Under agreements with certain independent Caterpillar dealers, Plaintiff became a purchasing agent for specific end users of Caterpillar products. However, Defendant apparently terminated Plaintiff's status as an authorized purchasing agent because Plaintiff allegedly began purchasing Caterpillar products for resale to unauthorized end users. Thereafter, Defendant notified Plaintiff's customers of Plaintiff's termination due to unauthorized sales.

On March 8, 1993, Plaintiff filed an antitrust action in the 11th Judicial Circuit in Dade County, Florida alleging that Defendant and certain Caterpillar dealers engaged in a conspiracy in restraint of trade in violation of Florida's antitrust statute. The suit essentially challenges Defendant's Export Part Policy, which codifies Defendant's unilateral decision to cease doing business with retail dealers who, contrary to their function as retailers, elect to wholesale replacement parts for Defendant's equipment to resellers for export from the United States. Three months later, on June 18, 1993, Plaintiff brought the present suit in federal court, alleging virtually the same antitrust violations, only this time, based on the federal antitrust statute. 15 U.S.C. § 15. The facts underlying both the state and federal antitrust suits are identical.

Defendant brings this Motion to Dismiss and moves this Court to dismiss Plaintiff's Complaint on two grounds. First, Defendant urges this Court to abstain from hearing the federal antitrust suit pending resolution of the state antitrust claim. Alternatively, Defendant prays that this Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for unreasonable restraint of trade. Because this Court finds the issue of abstention dispositive, the Court declines to consider Defendant's alternative ground for dismissal under Rule 12(b)(6).

## II. Abstention

■ Generally, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). However, where concurrent parallel cases exist in both state court and federal court, the Supreme Court has carved out exceptions to that general rule, permitting federal courts to refrain from exercising their jurisdictional grant under certain circumstances. Abstention is appropriate (1) where "a federal constitutional issue might be mooted or presented in a different posture by state court determination of pertinent state" law (Pullman abstention); (2) where the issue involves "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the results of the case then at bar" (Burford abstention); (3) where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings (Younger abstention); and (4) in extraordinary circumstances where the considerations of wise judicial administration counsel against duplicative litigation in state and federal courts (wise judicial administration exception). *Colorado River*, 424 U.S. at 814–816, 96 S.Ct. at 1244–1245; *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 23–28, 103 S.Ct. 927, 941–943, 74 L.Ed.2d 765 (1983).

### A. Colorado River and the "wise judicial administration" exception to the exercise of federal jurisdiction

■ This case falls into the "wise judicial administration" exception to the exercise of federal jurisdiction outlined by the Supreme Court in *Colorado River* and its progeny. Abstention under this doctrine is considerably more limited than under Younger, Pullman or Burford. However, extraordinary circumstances may exist to warrant a federal court declining or postponing its jurisdiction grant. *Colorado River*, 424 U.S. at 813 and 817, 96 S.Ct. at 1244 and 1246; *Moses H. Cone Memorial Hosp.*, 460 U.S. at 14–15, 103 S.Ct. at 936–937. To determine the appropriateness of abstention, the District Court must balance its obligation to accept jurisdiction against a variety of factors counseling against that exercise. Six relevant factors have evolved from the *Colorado River* line of cases. They are: (1) whether one of the courts has retained jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights. *Colorado River*, 424 U.S. at 818–819, 96 S.Ct. at 1246–1247; *Moses H. Cone Memorial Hosp.*, 460 U.S. at 25–28, 103 S.Ct. at 941–943.

In this case, neither the state court nor the federal court has retained jurisdiction over any property; nor is either court more convenient. Therefore the first two factors are unhelpful. The last four factors, however, are particularly relevant to this proceeding given the facts presented. Thus, the Court will consider each factor in turn.

### 1. Potential for piecemeal litigation

With regard to the third factor, this case creates a strong potential for piecemeal litigation. The facts underlying both the state and federal antitrust claims are identical; and Florida's antitrust statute is substantially similar to the federal statute. Thus, the state and federal cases are inextricably interwoven. If this Court declines to abstain in this case, and accepts its jurisdictional grant, there exists a strong likelihood that it will duplicate the efforts of the state court and possibly reach different factual—and consequently legal—conclusions on the same exact set of facts.

In addition, given the resemblance between the two cases, there is a strong possibility that the state court's determination of whether the underlying facts amount to antitrust violations will be dispositive of the federal antitrust claim. At the very least, the state court's adjudication of the facts would be *res judicata* on the federal court. Thus, even if the resolution of the state case does not dispose of the federal antitrust claim, by abstaining, this Court would still be avoiding the kind of wasteful, duplicative adjudication the abstention doctrine was created to prevent.

### 2. Order in which the courts retained jurisdiction

■ The fourth factor under *Colorado River* strongly favors abstention in this case. Plaintiff voluntarily chose state court as the forum in which to bring its antitrust suit. Only later, after state court proceedings were developing, did Plaintiff decide to bring its federal action. There is a federal policy against allowing a plaintiff, who has the initial choice of forum, to remove from state to federal court. To allow plaintiff removal would be to endorse forum shopping. Therefore, once the plaintiff chooses its forum, the plaintiff is required to abide by its own choice. As the United States District Court for the Northern District of Illinois stated in a similar abstention case, Plaintiff "must live with its original choice of forum." *Thompson v. Ashner*, 601 F.Supp. 471 (N.D.Ill. 1985). Thus, the fact that Plaintiff had access to federal court, but chose to proceed in state court initially, weighs strongly in favor of abstention.

### 3. Abstention in an area where the federal court possesses exclusive jurisdiction

■ The fifth factor the Court must consider—whether state or federal law will apply—raises the issue of whether a federal Court can abstain when it has exclusive juris-

diction. The question of abstention and exclusive federal jurisdiction is unsettled. The Supreme Court has expressly declined to address it, *Will v. Calvert Ins. Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978); and those courts that have confronted the issue have reached conflicting results. *Compare American Disposal Services, Inc. v. O'Brien*, 839 F.2d 84 (2d Cir.1988) (upholding district court's dismissal of plaintiff's federal § 1983 action under *Colorado River*) *with Turf Paradise, Inc. v. Arizona Downs*, 670 F.2d 813 (9th Cir.1982) (holding that a federal court improperly dismissed suit on abstention grounds where there was no concurrent jurisdiction over the federal claims), *cert. denied* 456 U.S. 1011, 102 S.Ct. 2308, 73 L.Ed.2d 1308 (1982). The Eleventh Circuit has not had occasion to address this issue, therefore the issue of a federal court abstaining in an area where it possesses exclusive jurisdiction is an open question in this Circuit.

In this case, the federal antitrust claim for violation of the Sherman Act is within the exclusive jurisdiction of this Court. Although generally the fact that Congress elected to confer exclusive jurisdiction over antitrust matters to the federal courts counsels against abstention, that is not to say that there exist no circumstances that would justify abstention in an area of exclusive federal jurisdiction. *Coin Call, Inc. v. Southern Bell Tel. & Tel. Co., Inc.*, 636 F.Supp. 608, 612 (N.D.Ga.1986); *see Kartell v. Blue Shield of Massachusetts, Inc.*, 592 F.2d 1191, 1194 n. 5 (1st Cir.1979) ("These cases do not suggest that abstention may not be justified in an antitrust action where the requirements of Colorado River's other categories are satisfied.").

Plaintiff cites a line of cases from other circuits for the proposition that a federal court should not abstain where it possesses exclusive jurisdiction. (Plaintiff's Response, D.E. # 33, pp. 20–24). However, those cases are distinguishable on their facts from the case at bar.

In *Turf Paradise, Inc. v. Arizona Downs*, 670 F.2d 813 (9th Cir.1982), the Ninth Circuit held that the federal court improperly abstained where it had exclusive jurisdiction over the claims. However, the state court proceeding which the district court improperly deferred to was an action brought by a third party, not an action voluntarily brought in state court by the plaintiff who subsequently filed suit in federal court. Thus, unlike the present case, there were no countervailing concerns over forum-shopping or plaintiff removal.

Similarly, in *Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59 (2d Cir. 1986), the Second Circuit found abstention inappropriate where the state court *defendant*, not the plaintiff, filed the subsequent federal action to protect its own interests. Certainly, there are strong policy reasons for hearing a defendant's federal claims that do not apply equally to plaintiffs who file an identical federal action after initiating a state court proceeding. For instance, if the state court rejected the defendant's federal defenses, those federal claims would never be heard unless the federal court exercised its jurisdiction when the state court defendant initiated a federal action.

Finally, Plaintiff cites *Key v. Wise*, 629 F.2d 1049 (5th Cir.1980), for the proposition that this Court should not abstain since it has exclusive jurisdiction over the federal antitrust claims. Again, that case is factually distinguishable. In *Key v. Wise*, the federal court obtained jurisdiction over the case first, unlike the present case, where the initial proceeding was brought in state court. As *Colorado River* and its progeny aptly explain, the order in which the courts obtain jurisdiction is a critical factor in determining the appropriateness of abstention.

Thus, in light of the factual variance between these cases and the one at issue before this Court, and given that the six factors for determining the appropriateness of abstention under *Colorado River* are fact specific, the cases cited by Plaintiff are inapposite.

This Court finds the decision in *Lorentzen v. Levolor Corporation*, 754 F.Supp. 987 (S.D.N.Y.1990) particularly persuasive on the question of a federal court abstaining in an area where it has exclusive jurisdiction. Although *Lorentzen* was decided in a district outside of this Circuit, the facts are substan-

tially similar to those presented by the case at bar. In *Lorentzen*, the plaintiff invoked state court jurisdiction on a claim of fraud and then subsequently brought a federal action on the same facts alleging violations of the Securities Exchange Act. Despite the fact that the federal claim for securities fraud fell within exclusive federal jurisdiction, the U.S. District Court for the Southern District of New York found abstention to be appropriate under *Colorado River*. The court thought it particularly compelling that the plaintiff had chosen to file the initial suit in state, rather than federal court; that the same facts gave rise to both the federal and the state claims; and that the state suit was well underway when the federal suit was filed. *Id.* at 994. The court concluded that the federal policy against plaintiff removal and forum shopping was a sufficient countervailing interest to justify abstention despite its exclusive jurisdiction over the securities fraud claim. *Id.*

Although *Lorentzen* is not binding on this Court, this Court finds the Southern District of New York's reasoning persuasive in light of the factual similarities with this case. In this case, Plaintiff filed its original antitrust suit in state court. Not until the day Defendant moved for summary judgment on the state court claim did Plaintiff file the instant federal action. This procedural history creates the impression that Plaintiff filed its federal action in pursuit of a more sympathetic forum. Such behavior strains the federal policy against plaintiff removal and forum shopping, and this Court cannot tolerate it. Plaintiff had the opportunity to bring its antitrust claims in federal court in the first instance, but chose not to do so. To accept jurisdiction at this point, then, would be to allow Plaintiff a second bite at the apple. Furthermore, given that the state court has had a three month head start in dealing with the issues presented by these cases, it would be a waste of judicial resources for this Court to revisit issues that may be disposed of by the resolution of the already progressing state proceedings. *Moses H. Cone Memorial Hosp.*, 460 U.S. at 21, 103 S.Ct. at 939–940 (progress made by the state court is a relevant consideration); *East Naples Water Systems v. Board of County Commissioners*, 627

F.Supp. 1065, 1072 (S.D.Fla.1986) (Court found the fact that plaintiff chose the state forum and the progress of the state proceeding significant in its decision to abstain under *Colorado River*.).

### 4. The adequacy of state court protection of the parties' interests

Finally, regarding the sixth factor—the adequacy of state court protections—the Court is inclined to agree with Plaintiff's initial assessment. Plaintiff apparently thought that state court could sufficiently protect its interests when it filed its initial action there. Therefore this court declines to find otherwise where there is no compelling justification. *See Lorentzen*, 754 F.Supp. at 994 (finding no reason to believe that the state can not adequately and competently adjudicate the underlying facts of Plaintiff's fraud claims where the plaintiff chose the state forum).

Accordingly, given that this case and the one pending in the 11th Judicial Circuit in Dade County are essentially mirror images of one another and given that Plaintiff voluntarily chose to bring suit in state court in the first instance, this Court concludes that the balance weighs in favor of abstention in this case.

### B. Stay v. Dismissal

██ The only question remaining is whether this Court should stay or dismiss this action. There is no hard and fast rule in this area. In fact, the Supreme Court has expressly declined to speak on the question of whether a stay or dismissal is more appropriate in the *Colorado River* context. *Moses H. Cone Memorial Hosp.*, 460 U.S. at 28, 103 S.Ct. at 943. Generally, however, when a federal court abstains, it should stay the action, rather than dismiss it, so that it can retain its jurisdiction pending the outcome of the state suit. *See Palmer v. Jackson*, 617 F.2d 424 (5th Cir.1980). Given the discretionary nature of abstention under *Colorado River*, a decision to stay or dismiss is generally dependent on the facts. In this case, we conclude that the balance of the factors considered weighs against dismissal of this suit. Although the Court is concerned by what

appears to be a form of plaintiff removal, this Court recognizes its "virtually unflagging obligation" to exercise its jurisdiction, especially in an area where it has exclusive jurisdiction. By retaining jurisdiction over this matter pending the resolution of the state court proceeding, this Court can best achieve the proper balance between its obligation to accept its jurisdictional grant and the countervailing federal policy against forum shopping and plaintiff removal favoring abstention.

Therefore, for the reasons stated herein, it is

ORDERED and ADJUDGED that Defendant's Motion to Dismiss be, and the same is hereby, GRANTED IN PART, and the above styled cause of action be, and the same is hereby, STAYED pending resolution of the parallel state court proceeding.

DONE and ORDERED.