**ALABAMA NATIONAL GUARD FEDERAL CREDIT UNION,**
Plaintiff,

v.

**Jerry MADDOX, Defendant.**

No. CV–93–A–1517–N.

United States District Court, M.D. Alabama, N.D.

April 5, 1994.

William C. Elliott, Charles N. Parnell, Montgomery, AL, for plaintiff.

Bradley S. Braswell, Union Springs, AL, for defendant.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

This cause is now before the Court on the motion to remand filed by Jerry Maddox on January 10, 1994. For the reasons stated below, the Court finds that the motion is due to be granted.

### I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Alabama National Guard Federal Credit Union sued Jerry Maddox for breach of contract in the District Court of Barbour County, Alabama. Because Maddox is a resident

---

of Bullock County, Alabama, the case was transferred to the District Court of Bullock County. Thereafter, Maddox filed an answer denying the allegations of the Credit Union's claim. Maddox also filed a counterclaim against the Credit Union alleging that it reported false and misleading information about him to various credit agencies. The case was then transferred to the Circuit Court of Bullock County, Alabama.

On December 21, 1993, the Credit Union removed the case to this Court pursuant to the general removal statute, 28 U.S.C. § 1441. The Credit Union alleges that this Court has federal question jurisdiction over Maddox's counterclaim. On January 10, 1994, Maddox filed a motion to remand. The Court now decides Maddox's motion to remand.

## II. DISCUSSION

 The Court finds that this case is due to be remanded to the Circuit Court of Bullock County because the Credit Union, as the Plaintiff/Counterclaim Defendant, is not permitted to remove under 28 U.S.C. § 1441.[1] Section 1441 provides that "the defendant or the defendants" may remove a case to federal court. In *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), the Supreme Court held that the removal statute should be strictly construed to allow removal only by a defendant, and not by a plaintiff. The Court held that a plaintiff cannot remove a case to federal court even if the plaintiff is also a counterclaim defendant.

The *Shamrock Oil* rule is still recognized as controlling in cases like the present one. *See, FDIC v. S & I 85–1, Ltd.*, 804 F.Supp. 328 (S.D.Fla.1992); *see also, Alabama Dept. of Environmental Mgmt. v. Southern Clay and Energy*, 737 F.Supp. 80 (N.D.Ala.1990). Thus, the Credit Union does not have the authority to remove this case to federal court.

1. The Court realizes that it is remanding this case on a basis not raised or discussed by either Party to this action. However, the Court is responsible to raise jurisdictional issues associated with removal *sua sponte. See, Alabama Dept. of*

## III. CONCLUSION

For the foregoing reasons, the Court finds that this case was improperly removed. Therefore, it is ORDERED that the motion to remand filed by Jerry Maddox is hereby GRANTED. This case is REMANDED to the Circuit Court of Bullock County, Alabama. The clerk is DIRECTED to take the necessary action to effect the remand.

*Environmental Mgmt. v. Southern Clay and Energy,* 737 F.Supp. 80, 81 (N.D.Ala.1990). The Court expresses no opinion as to whether Maddox's counterclaim does or does not arise under federal law.