**ALLIED MACHINERY SERVICES, INC., a Florida corporation, Plaintiff,**

v.

**CATERPILLAR, INC., a Delaware corporation, Defendant.**

**No. 93–1182–CIV.**

United States District Court, S.D. Florida.

Nov. 22, 1995.

Bernard S. Mandler, Miami, Florida, for Plaintiff.

Benedict P. Kuehne, Miami, Florida, Gregory L. Baker, Washington, D.C., for Defendant.

### ORDER DISMISSING CASE

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon the parties' response to the Court's Order Directing Parties to File Written Status Report, issued October 11, 1995. The parties filed a Joint Status Report October 30, 1995. Defendant filed an individual response to the Court's Order on October 26, 1995, along with a Renewed Motion to Dismiss Plaintiff's Complaint. Plaintiff filed its response to the Order on October 30, 1995.

### I. Procedural History

Plaintiff brought suit against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida on March 8, 1993. Plaintiff alleges restraint of trade in violation of state antitrust laws, fraud, and tortious interference. Approximately three months later, Plaintiff filed this action, alleging restraint of trade in violation of federal antitrust laws. The underlying facts are identical.

Upon Defendant's Motion to Dismiss Complaint, filed July 12, 1993, this Court issued an Order staying the federal action on grounds that parallel litigation was taking place in state court. *Allied Mach. Serv., Inc. v. Caterpillar, Inc.,* 841 F.Supp. 406, 411 (S.D.Fla.1993). This Court retained jurisdiction over the matter pending resolution of the state court proceedings. *Id.* Plaintiff appealed the Order to the United States Court of Appeals for the Eleventh Circuit, but subsequently took a voluntary dismissal.

The lapse of two years since its Order prompted the Court to direct the parties to apprise the Court of the status of the state court proceedings and of their respective positions regarding dismissal of this case.

### II. Factual Background

The Court's 1993 Order details the factual background that brought the parties to court. *Allied Mach.,* 841 F.Supp. at 407. Defendant designs, manufactures, and sells earthmoving and construction equipment under the "Caterpillar" name. It sells and services these products through a domestic and international network of retail dealers. Plaintiff was at one time a purchasing agent for specific end users of Caterpillar products. Its status as an authorized purchasing agent was jeopar-

dized and ultimately terminated when it allegedly attempted to sell Caterpillar products to unauthorized end users.

Plaintiff's subsequent state antitrust suit challenges Defendant's Export Part policy, pursuant to which Defendant refuses to conduct business with retail dealers who wholesale replacement parts for Caterpillar products to resellers for export. The federal suit alleges virtually the same antitrust violations.

### III. Abstention

■ Under most circumstances, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Allied Mach.*, 841 F.Supp. at 407. In its 1993 Order this Court carefully examined the abstention doctrine, under which the jurisdictional obligation of federal courts is sometimes relaxed. *Allied Mach.*, 841 F.Supp. at 407–08.

■ This case falls within the most recently expounded version of the abstention doctrine, or the "wise judicial administration" exception to the exercise of federal jurisdiction. *Colorado River*, 424 U.S. at 814–16, 96 S.Ct. at 1244–46; *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 23–28, 103 S.Ct. 927, 941–44, 74 L.Ed.2d 765 (1983). Although more limited than the other exceptions to federal jurisdiction, abstention under *Colorado River* becomes a consideration when there exist extraordinary circumstances that warrant restraint by the federal court. *Colorado River*, 424 U.S. at 813, 817, 96 S.Ct. at 1244, 1246.

■ *Colorado River* and its progeny have generated six factors to be considered by the federal court in deciding whether to refrain from exercising jurisdiction: 1) whether one of the courts has retained jurisdiction over property; 2) the inconvenience of the federal forum; 3) the potential for piecemeal litigation; 4) the order in which the forums obtained jurisdiction; 5) whether state or federal law will be applied; and 6) the adequacy of the state court to protect the parties' rights. *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1246–48; *Moses H. Cone*, 460

U.S. at 25–28, 103 S.Ct. at 941–44; *Allied Mach.*, 841 F.Supp. at 408.

Among the factors, "[n]o one ... is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1246–48. This Court previously determined that only the last four factors are significant here, where no property is involved and the courts are equally convenient. *Allied Mach.*, 841 F.Supp. at 408.

### A. Potential for Piecemeal Litigation

Because the facts underlying the state and federal claims are identical, and the antitrust statutes nearly so, it is inevitable that this Court would duplicate the efforts of the state court. This Court could possibly reach factual, and ultimately legal, conclusions that differ from those of its state counterpart. *Allied Mach.*, 841 F.Supp. at 408. Moreover, the state court's adjudication of the facts would be *res judicata* in this action. *Id.*

Abstention is more appropriate now than in 1993, when this Court's decision to merely stay the federal action was prompted in part by the relatively nascent stage of the state court litigation. The passage of two and one-half years, however, finds those proceedings considerably more advanced. The parties "have engaged in extensive discovery including taking in excess of 25 depositions." (Joint Status Report ¶ 4.) They have "propounded in excess of 300 interrogatories and have exchanged more than 50,000 documents." *Id.* Discovery was to cease by October 31, 1995, although Plaintiff has moved for an extension of time in which to conduct discovery. If its motion is granted, Plaintiff expects to conduct at least twelve additional depositions. (Joint Status Report ¶ 5.) Plaintiff "is amending the complaint" to "include at least one additional plaintiff." (Joint Status Report ¶ 7.) Moreover, "the state court has disposed of one of [P]laintiff's claims." (Def.Resp. at 4.)

The avoidance of duplicative litigation weighs heavily in favor of abstention.

### B. Order In Which the Courts Obtained Jurisdiction

Plaintiff, initially faced with a choice of forum, filed suit in state court. It could have filed suit in federal court, and availed itself of pendent jurisdiction to vindicate any state claims not encompassed by federal antitrust laws. Plaintiff's subsequent reach for the federal forum is suggestive of plaintiff removal, a practice long ago disallowed by the Supreme Court. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107–08, 61 S.Ct. 868, 871–72, 85 L.Ed. 1214 (1941); *Ala. Nat'l Guard Fed. Credit Union v. Maddox,* 848 F.Supp. 159, 160 (M.D.Ala.1994). As this Court concluded in its 1993 Order, this factor strongly favors abstention. *Allied Mach.,* 841 F.Supp. at 408; *see East Naples Water Sys. v. Board of County Comm'rs,* 627 F.Supp. 1065 (S.D.Fla.1986).

### C. Abstention In an Area Where the Federal Court Possesses Exclusive Jurisdiction

This Court has previously and carefully examined this factor, prompted by the existence of exclusive federal jurisdiction under the Sherman Act. *Allied Mach.,* 841 F.Supp. at 409. The role of the federal court where exclusive jurisdiction and the abstention doctrine intersect is unclear. The Supreme Court has declined to address the issue, *Will v. Calvert Ins. Co.,* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), resulting in a conflict among the Courts of Appeal that have confronted it. The Eleventh Circuit has yet to do so.

In its 1993 Order, this Court considered the extrajurisdictional authority cited by Plaintiff and found the facts therein distinguishable. *Allied Mach.,* 841 F.Supp. at 409. In its current memorandum, Plaintiff has submitted no new authority. Despite the grant of exclusive federal jurisdiction in the Sherman Act, federal courts must be mindful of the policies against plaintiff removal and forum shopping. In formulating its initial litigation strategy, Plaintiff determined that state antitrust laws would afford it sufficient relief. Accordingly, this factor weighs in favor of abstention.

### D. Adequacy of State Court Protection of the Parties' Interests

The Court agrees, as it did in 1993, with Plaintiff's initial assessment of the adequacy of the state court to vindicate its interests. *Allied Mach.,* 841 F.Supp. at 410. Plaintiff now argues that the state court may not adequately protect its federal rights, which "appear" to be of broader scope than its state claims. As discussed in Sections B. and C., above, Plaintiff earlier decided that the state court would afford it sufficient protection.

Plaintiff also argues that dismissal of this action would be fatal. It is concerned that the state suit may not be tried in time for it to survive the four-year statute of limitations for a federal antitrust claim. The statute of limitations is one factor among many that Plaintiff surely weighed in determining where to file suit. Plaintiff must abide by its original choice of forum. Moreover, the tactics and conduct of litigants often bear on the speed of proceedings. Plaintiff, for example, has moved the state court to extend the time available for discovery. (Joint Status Report ¶ 5.)

### IV. Conclusion

This Court has once again considered the relevant factors set forth in *Colorado River* and its progeny, and concludes that the balance of factors warrants abstention in this case. *See Metmor Fin., Inc. v. Commonwealth Land Title Ins. Co.,* 857 F.Supp. 1507, 1517 (M.D.Ala.1994).

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Renewed Motion to Dismiss Complaint be, and the same is hereby, GRANTED and the case DISMISSED.

DONE and ORDERED.