**Laura SINI, Plaintiff,**

v.

**CITIBANK, N.A., Defendant.**

Case No. 13–CV–22844.

United States District Court, S.D. Florida.

Feb. 19, 2014.

Otto De Cordoba, Jr., Tracy Perez, Leoncio Ernesto De La Pena, De La Pena Group, P.A., Miami, FL, for Plaintiff.

Cristina M. Suarez, Edward Maurice Mullins, Astigarraga Davis Mullins & Grossman, Miami, FL, for Defendant.

## ORDER

KATHLEEN M. WILLIAMS, District Judge.

THIS MATTER is before the Court on Defendant's Motion to Dismiss or Stay the Case [D.E. 13]. For the reasons stated below, the Motion is GRANTED IN PART.

### I. Background

This suit arises from an ongoing dispute between Plaintiff, Laura Sini, and her estranged husband, Massimo Ferrero, over approximately $750,000 held in a Citibank account in Sini's name [D.E. 1 ¶ 5]. The dispute between Ferrero and Sini—both of whom reside in Italy, where divorce proceedings are ongoing—has given rise to two suits in Miami–Dade Circuit Court and a third suit filed before this Court, in addition to the above-styled action. *Id.* at ¶¶ 16–49.

Much of this litigation has focused on the 2011 sale of a Miami Beach condominium, the proceeds of which remain frozen in Sini's Citibank account. According to her Complaint, the property was titled to Blu One Estate, LLC, a company in which both Sini and Ferrero had an interest.[1]

---

1. In her Complaint, Sini describes herself as a "managing member" of Blu One Estate [D.E. 1 ¶ 9]. However, in its May 1, 2013, Com- plaint, Blu One Estate alleged that Sini was only a manager of the company', and that corporate records reflecting Sini as a "man-

*Id.* at ¶ 9. Following the sale of the property, the proceeds were wired to a Blu One Estate account, and a portion was then wired to Sini's personal bank account with Citibank. *Id.* On November 18, 2011, Ferrero went to Citibank's offices and urged the bank to freeze the sale proceeds in Sini's account, alleging that Sini was not entitled to the funds because she had sold the property without his consent as required. *Id.* at ¶¶ 10–11. Since that date, Defendant Citibank has blocked Sini's access to the funds in her account. *Id.* Citibank has asserted that it blocked access to the account pursuant to its "internal procedures" [D.E. 13–1 at 59].

On November 18, 2011—the same date that the account was frozen—Ferrero and Blue One Estate filed suit against Sini in Miami–Dade Circuit Court, alleging that Sini had misappropriated the proceeds of the real-estate sale [D.E. 1 ¶¶ 16–17]. That suit was dismissed on October 4, 2012. *Id.* at ¶ 19. Subsequently, Sini wrote to Citibank demanding access to the funds in her personal account. *Id.* at ¶ 21.

On October 26, 2012, Citibank filed a Complaint for Interpleader Relief against Sini, Ferrero and Blue One Estate, LLC, in Miami–Dade Circuit Court, arguing that the competing claims to the funds in Sini's account could expose the bank to multiple liability if it distributed the funds. *Id.* at ¶ 24–25. Sini removed that case to this Court on November 13, 2012. *Citibank, N.A. v. Blu One Estate, LLC, Massimo Ferrero and Laura Sini,* No. 1:12–CV–24087–KMW [D.E. 1]. On December 3, 2012, Blu One Estate and Ferrero filed a crossclaim against Sini in the interpleader case alleging conversion, fraud and breach of fiduciary duty, and seeking an injunction to freeze Sini's Citibank account.[2] *Id.* at D.E. 11. On April 29, 2013, following a hearing on the matter, the Court dismissed Citibank's interpleader action on the grounds that Citibank failed to demonstrate that it owed conflicting duties to the claimants or that it faced multiple liability. *Id.* at D.E. 39. The Court dismissed Citibank's interpleader claim without prejudice, allowing Citibank to refile "if the remedy of interpleader becomes appropriate." *Id.* at D.E. 41.

On May 1, 2013—two days after this Court dismissed Citibank's interpleader claim—Blu One Estate and another Ferrero- and Sini-related company, Blu One, LLC, filed yet another suit in Miami–Dade Circuit Court, naming Sini and Citibank as defendants [D.E. 13–1 at 2–16]. The suit contains eight claims against Sini, including claims that Sini defrauded Blu One Estate and that she breached her fiduciary duty to the company by selling the condominium and taking the proceeds.[3] *Id.* The suit also includes a claim for a temporary injunction against Citibank, in an effort to prevent dissipation of the funds in the account, and a claim for a constructive trust benefiting Blu One Estate. *Id.* at 12–13. The day after this complaint was filed, Citibank filed an Answer and a Counterclaim and Crossclaim for Interpleader against Blu One Estate and Sini,

aging member" were "fraudulent" [D.E. 13–1 at 4 n. 1].

2. On February 11, 2013, Ferrero dismissed his counterclaim in Citibank's interpleader case and Blu One Estate filed an amended counterclaim against Sini. *Citibank, N.A. v. Blu One Estate, LLC, Massimo Ferrero and Laura Sini,* No. 1:12–CV–24087–KMW [D.E. 20; D.E. 21].

3. The complaint in the state action also alleges that Sini defrauded Blu One LLC by secretly renting the property to tenants and keeping the proceeds [D.E. 13–1 at 13–15]. However, it does not appear that these claims implicate the funds held in the Citibank account.

in which Citibank again sought interpleader relief on the grounds that it faced potential liability from the competing claims of Sini and Blu One Estate. *Id.* at 58–65. Citibank argues that its Interpleader claim ripened in the three days after it was dismissed by this Court because it was named as a defendant in Blu One Estate's suit, and because it had received a demand letter from Sini on April 29, 2013, in which she threatened to file a civil theft claim. *Id.* at 61–62.

On August 8, 2013, Sini filed the above-styled action against Citibank for breach of contract, conversion and civil theft [D.E. 1]. Citibank then filed a motion to dismiss or stay Sini's federal complaint because, in its view, it is duplicative of the litigation ongoing in state court [D.E. 13].

In responding to Sini's federal claims, Citibank filed another Counterclaim for Interpleader against Sini and Blu One Estate which largely mirrors the interpleader claim Citibank filed in the pending state action [D.E. 18 at 10–20].[4] Sini has filed a motion to dismiss the Interpleader Counterclaim based on *res judicata* and collateral estoppel [D.E. 22].

In addition, Blu One Estate filed a counterclaim against Citibank in this action, again raising claims for a temporary injunction and a constructive trust—as in the state action—but also bringing new claims for breach of contract, breach of fiduciary duty, negligence, and aiding and abetting fraud and conversion [D.E. 35 at 6–23]. Citibank has filed a motion to dismiss the newest claims in Blu One Estate's counterclaim [D.E. 47]. Sini also has filed a motion to intervene in Blu One Estate's counterclaim against Citibank in order to file a motion to dismiss Blu One Estate's

counterclaim [D.E. 45]. And Blu One Estate has also joined in Citibank's motion to dismiss or stay Sini's Complaint [D.E. 38], though Sini argues that Blu One Estate's joinder in Citibank's motion is improper [D.E. 44].

## II. Citibank's Motion to Dismiss or Stay This Action

Citibank argues that the above-styled action should· be dismissed under the "first-filed rule" and the *Colorado River* doctrine out of deference to the state court action [D.E. 13]. Sini argues that the "first-filed rule" is inapplicable, and that the *Colorado River* factors do not favor dismissal or abstention [D.E. 14].

### A. The "First–Filed Rule"

■ Under the "first-filed rule," when parties have instituted competing or parallel litigation in separate courts, the court "initially seized of the controversy" should hear the case in the "absence of compelling circumstances." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir.1982) (citing *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 407 (5th Cir.1971)). Citibank argues that this rule should compel the Court to yield jurisdiction over this matter to the Miami–Dade Circuit Court, where Blu One Estate first filed its complaint against Citibank and Sini three months before Sini filed the above-styled action [D.E. 13 at 7–10]. Sini, however, argues that the "first-filed rule" applies only to competing federal claims, and therefore does not compel dismissal in favor of the state action [D.E. 14 at 4].

---

4. Citibank filed an Amended Answer and Counterclaim in this case, amending only the affirmative defenses without altering the crossclaim and counterclaim [D.E. 26].

Thus, the Amended Answer includes the operative counterclaim and crossclaim in this matter. *Id.* at 10–19.

It is well established that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir.2005). Relying on *Manuel*, Sini argues that the first-filed rule applies *only* to dual federal actions, and it does not require the federal court to yield to a first-filed state court action [D.E. 14 at 4]. In response, Citibank cites the Eleventh Circuit's ruling in *Haydu* in support of its argument that the first-filed rule should apply with equal force to first-filed state claims. *Haydu*, 675 F.2d at 1174 ("In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case ... It should make no difference whether the competing courts are both federal courts or a state and federal court with undisputed concurrent jurisdiction.") The argument highlights a tension between the Eleventh Circuit's holding in *Haydu* and subsequent cases analyzed under the *Colorado River* doctrine. While *Haydu* invoked comity and federalism concerns in abstaining from a first-filed state action, the Eleventh Circuit has subsequently found that "as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Ambrosia Coal and Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir.2004) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Most other courts presented with this issue have concluded that the "first-filed rule" applies only to competing claims in federal courts. *See, e.g., Artmark Prods. Corp. v. Conbraco Indus.*, No. 11–20879–CV, 2012 WL 1155132, at *2 (S.D.Fla. April 5, 2012); *Melillo v. Shendell & Assocs.*, No. 11–62048–CIV, 2012 WL 253205, at *2–3 (S.D.Fla. Jan. 26, 2012); *Mt. Hawley Ins. v. Sarasota Residences, LLC*, 714 F.Supp.2d 1176, 1181 (M.D.Fla.2010) ("[T]he case law suggests that this rule applies to competing claims filed in separate federal courts, not competing federal and state court actions"). The conclusion that this rule governs only cases in federal court is bolstered by the fact that, in application, the "first-filed rule" requires the first court to be the one to decide whether the rule applies. *See Kate Aspen, Inc. v. Fashioncraft–Excello, Inc.*, 370 F.Supp.2d 1333, 1338 (N.D.Ga.2005). While *Haydu* would appear to apply the first-filed rule to state court actions, Citibank has not cited any cases from this circuit that have relied on *Haydu* to dismiss a federal action in favor of a preceding state action.[5] Ultimately, the Court finds it difficult to determine "how, if at all, *Haydu* may be reconciled with the Supreme Court's unambiguous pronouncements ... concerning the narrowness and exceptional nature of the abstention remedy." *Pigott v. Sanibel Development, LLC*, 508 F.Supp.2d 1028, 1034 (S.D.Ala.2007). After reviewing the applicable case law and the arguments of the Parties, the Court concludes that the first-filed rule is inapplicable to this case, and the Court declines to dismiss this case on these grounds.

## B. The *Colorado River* Doctrine

Citibank also argues that this Court should abstain in favor of the state court

---

5. Citibank does cite *Foster v. Judicial Correction Servs., Inc.*, No. 2:12cv724–MHT, 2012 WL 5512313, at *2 (M.D.Ala. Nov. 14, 2012) [D.E. 28 at 3 n. 1], which quotes from *Haydu* but does not rely on the case for this proposition. The issue before the court in that case involved actions pending in two federal courts, not a state action and a federal action.

action under the *Colorado River* doctrine [D.E. 13 at 10–17]. Sini argues that the circumstances of this case do not merit abstention under the *Colorado River* test [D.E. 14 at 5–15].

In *Colorado River*, the Supreme Court held that a federal court could abstain from a case if (1) a parallel lawsuit is proceeding in state court, and (2) the interests of wise judicial administration demand abstention. *Colorado River*, 424 U.S. at 818–20, 96 S.Ct. 1236. Because the federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them" and a pending action in state court is "no bar to proceedings concerning the same matter," abstention applies only in "exceptional circumstances" and must be based on "only the clearest of justifications." *Id.* at 813–19, 96 S.Ct. 1236.

To determine whether abstention is merited under *Colorado River*, a court must decide as a threshold matter whether there is a parallel state action—that is, "one involving substantially the same parties and substantially the same issues." *Jackson–Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir.2013) (citing *Ambrosia Coal*, 368 F.3d at 1330). If the court determines that the two actions are parallel, the federal court must then weigh six factors in determining whether abstention is appropriate: (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties. *Jackson–Platts*, 727 F.3d at 1141 (citing *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294 (11th Cir.1998)). No single factor is dispositive, and a court must weigh the factors with a "heavy bias favoring the federal courts' obligation to exercise the jurisdiction that Congress has given them." *Jackson–Platts*, 727 F.3d at 1141. However, this test should be applied in a "pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

When considering *Colorado River* abstention, a district court should also be mindful of the potentially "vexatious or reactive nature of either the federal or the state litigation." *Id.* at 17 n. 20, 103 S.Ct. 927. Abstaining when litigation is reactive or vexatious furthers the important federal policy of prohibiting forum shopping. *Bosdorf v. Beach*, 79 F.Supp.2d 1337, 1343–44 (S.D.Fla.1999).

### 1. Parallel Actions

There is "no clear test for deciding whether two cases contain substantially similar parties and issues"; however, if there is "any substantial doubt about whether two cases are parallel the court should not abstain." *Acosta v. James A. Gustino, P.A.*, 478 Fed.Appx. 620, 622 (11th Cir.2012). The state and federal cases need not share identical parties and issues to be considered parallel for purposes of *Colorado River* abstention. *Ambrosia Coal*, 368 F.3d at 1329–30. The crucial question is whether the "similarity between the two cases is sufficient to justify the conclusion that the state court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties." *Brown v. Blue Cross and Blue Shield of Fla., Inc.*, No. 11–80390–CIV, 2011 WL 11532078, at *8 (S.D.Fla. Aug. 8, 2011).

The first action was filed in state court by Blu One Estate and Blu One

raising claims of conversion, fraud and breach of fiduciary duty against Sini, and seeking to impose a constructive trust over the funds held by Citibank [D.E. 13–1 at 2–16]. Citibank then filed a counterclaim for interpleader relief and a crossclaim against Sini. *Id.* at 58–65.

The federal action before the Court first arrived as a Complaint by Sini against Citibank alleging breach of contract, civil theft and conversion [D.E. 1]. Citibank then filed a counterclaim for interpleader and impleaded Blu One Estate, LLC into the federal action [D.E. 26]. Blu One Estate then filed a counterclaim against Citibank that repeats and expands upon the claims it brought against Citibank in the state action [D.E. 35], and Sini has sought leave to intervene in Blu One Estate's counterclaim in an effort to seek its dismissal [D.E. 45].

After reviewing the state action and the federal action, the Court finds that the two actions are parallel for the purposes of *Colorado River* analysis. While it is true, as Sini emphasizes, that her federal action is primarily concerned with her rights as a Citibank account holder [D.E. 14 at 7], an issue not before the state court, Citibank's claim for interpleader relief in the state action would no doubt dovetail with its defense to Sini's claims in this action. Moreover, Sini's entitlement to the funds in the account is the central issue in Blu One Estate's state court complaint, and a ruling on Blu One Estate's claims could affect Citibank's potential liability to Sini in the federal action. Moreover, Blu One Estate's counterclaims against Citibank in the federal action for allegedly aiding and abetting Sini in the same conduct that forms the basis of Blu One Estate's claims against Sini in state court [D.E. 35 at 18– 23]. At bottom, the federal and state litigation both concern Sini's entitlement to the funds in her personal account at Citi-

bank, Blu One Estate's claim to the same money, and Citibank's claim for interpleader relief based on the competing claims. Thus, the Court concludes that these cases involve substantially the same parties and issues, making them parallel under *Colorado River.* The Court must therefore examine the six *Colorado River* factors to determine if abstention is appropriate.

### 2. The *Colorado River* Factors of Judicial Administration

#### a. Jurisdiction Over Property

 The first factor concerns whether one court had assumed jurisdiction over property before the other court. *Jackson–Platts,* 727 F.3d at 1141. This factor is applicable "only where there is a proceeding *in rem.*" *Id.* Because neither this case nor the state action is an *in rem* proceeding, this factor does not favor abstention. *Id.*

#### b. Inconvenience of the fora

This factor focuses on the inconvenience of the federal forum. The parties agree that the state and federal courts are equally convenient to the parties, so this factor does not weigh in favor of abstention. *Id.*

#### c. The Order of Jurisdiction and the Progress of the State Action

With this factor, the Court must consider which forum acquired jurisdiction first. The inquiry is less concerned with the "chronological order in which the parties initiated the concurrent proceedings, but the progress of the proceedings and whether the party availing itself of the federal forum should have acted earlier." *Id.* at 1142 (citing *TranSouth,* 149 F.3d at 1295). Where the state action is "no further along" than the federal case, this factor "does not counsel in favor of dismissal." *Noonan S., Inc. v. Volusia Cnty.,* 841 F.2d 380, 382 (11th Cir.1988).

Citibank argues that the state action has advanced further than this action, noting that the state action was filed three months before the federal action, Citibank has filed an answer and an interpleader claim in the state action, Blu One Estate has filed a counterclaim in the state action, and discovery is underway in the state action [D.E. 13 at 14; D.E. 28 at 7–8]. In her brief, Sini notes that she has not yet filed a response to the complaint in the state action [6], and argues that discovery in the state action has been minimal [D.E. 14 at 11–12]. In her view, the two cases are "at best ... in the same posture." *Id.* at 12. The Court also notes that Citibank has filed an answer and counterclaim in this action [D.E. 26], and that Blu One Estate has filed a counterclaim in this action as well [D.E. 35].

■ After reviewing the parties' briefs, their supplemental filings from the state action [D.E. 49; D.E. 50; D.E. 51] and the docket in this case, the Court concludes that the state action has progressed further than the federal action, albeit by a modest margin. Both suits are in the relatively early stages of litigation, with pending motions to dismiss the claims and counterclaims between the parties. However, discovery has commenced only in the state action. Whether discovery has commenced is a persuasive factor when deciding whether to abstain under *Colorado River. See, e.g., Bosdorf,* 79 F.Supp.2d at 1345; *Nobel Ins. Grp. V. First Nat'l Bank of Brundidge,* 50 F.Supp.2d 1215, 1218 (M.D.Ala.1999); *Rambaran v. Park Square Enters.,* No. 6:08–cv–247–Orl–19GJK, 2008 WL 4371356, at *7 (M.D.Fla. Sept. 22, 2008); *O'Dell v. Doychak,* No. 606–CV–677–ORL–19KRS, 2006 WL 4509634, at *8 (M.D.Fla. Oct. 20, 2006); *Shallal v. Elson,* No. 98–8739–CIV, 1999

WL 33957906, at *3 (S.D.Fla. April 12, 1999); *Jackson–Platts,* 727 F.3d at 1142 (finding that a federal action was "further along" than a parallel state action where discovery had commenced in the federal action). The Court therefore finds that this factor weighs in favor of abstention.

**d. The Potential for Piecemeal Litigation**

■ This factor does not favor dismissal "unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Ambrosia Coal,* 368 F.3d at 1333. Taking into account the fact that "unremarkable repetition of efforts" is inevitable where federal and state courts have concurrent jurisdiction, this factor favors abstention only where piecemeal litigation "poses any greater waste or danger here than it does in the vast majority [of] federal cases with concurrent state counterparts." *Id.* However, courts of this Circuit have found that abstention is warranted when "identical litigation" is filed in the state and federal courts, requiring duplication of resources and potentially conflicting decisions based on the same evidence. *See Signal Technology, Inc. v. PennSummit Tubular, LLC,* No. 09–60636–CIV, 2010 WL 454800, at *5–6 (S.D.Fla. Feb. 9, 2010); *Bosdorf,* 79 F.Supp.2d at 1344; *Allied Mach. Serv., Inc. v. Caterpillar, Inc.,* 841 F.Supp. 406, 408 (S.D.Fla.1993).

Citibank argues that this case presents the danger of abnormally excessive piecemeal litigation because both the state and federal cases "arise out of the same set of operative facts"—namely, the circumstances surrounding the condo sale and the transfer of the sale proceeds to Sini's Citibank account [D.E. 13 at 14–15]. Because

---

**6.** On January 30, 2014, Sini filed a Notice of Filing informing this Court that she had filed

a motion to dismiss the complaint in the state action [D.E. 51].

the claims in both courts are largely parallel, there is also the danger of conflicting rulings if the two cases proceed. *Id.* at 15. Moreover, Citibank argues, because Citibank has pending interpleader actions in both the state and federal cases, the evidence offered in both cases would necessarily be the same [D.E. 28 at 8–9].

Sini argues that the pending claims in the federal action are sufficiently distinct from the claims in the state action, such that the "proofs will differ" in the two courts if this Court declines to abstain [D.E. 14 at 13]. There is no potential for piecemeal litigation, Sini argues, because this Court will fully resolve all issues relating to Sini's rights as an account holder—an issue not before the state court. *Id.*

After reviewing the current posture of both the state and federal actions, the Court finds that the two cases, though not "identical," are so inextricably intertwined in both their factual and legal issues that dual litigation would likely result in deleterious duplication of judicial resources. While it is true that Sini's complaint in the federal action involves claims against Citibank for breach of contract and related torts which are not at issue in the state action, the issues presented by Sini's federal complaint are inseparable from the claims pending in the state action, and from Citibank's interpleader claims now pending in both courts. A ruling on Sini's claims against Citibank implicitly requires a determination on Sini's entitlement to the funds in the account, which is the issue at the heart of Blu One Estate's claims against Sini in the state action [D.E. 13–1 at 2–16]. This is also the ultimate issue in Citibank's crossclaim for interpleader relief, which is based on a "dispute regarding ownership of the funds." *Id.* at 61. Even if Citibank's interpleader crossclaim in this action were not to survive Sini's motion to dismiss, the factual and legal issues would

nevertheless overlap with the state court action. For example, in its affirmative defenses to Sini's complaint, Citibank asserts that it was acting consistent with its "Client Manual—Consumer Accounts" in freezing Sini's personal account when her entitlement to the funds was called into question [D.E. 26 at 9]. The Court has little doubt that the scope of Citibank's duties to Sini would be at issue in Citibank's interpleader counterclaim in the state action, and in Citibank's defenses to Blu One Estate's claims. And while Blu One Estate's counterclaim against Citibank in the federal action [D.E. 35] raises new causes of action not filed in the state action [D.E. 13–1 at 2–16], the proof required to prove up these claims would in all likelihood duplicate the proof adduced in Blu One Estate's claims against Sini in state court.

Another factor in this analysis that weighs in favor of abstention is the danger of conflicting rulings based on identical facts. *See Bosdorf,* 79 F.Supp.2d at 1344; *Allied Machinery,* 841 F.Supp. at 408. A ruling in Sini's favor on her federal claims against Citibank, for example, or a ruling in state court on Blu One Estate's claims could ultimately be dispositive of Citibank's interpleader claim. Citibank's twin interpleader claims could obviously lead to inconsistent rulings as well. And because one court's rulings on similar or identical claims could have preclusive and binding effect on the other court, a party may try to accelerate or stall action in one case in an effort to win a ruling from the "more favorable forum." *Bosdorf,* 79 F.Supp.2d at 1344 n. 14.

Given the duplicative claims in counterclaims in the state action, the redundant proofs required by the respective claims, and the potential for conflicting rulings, the Court finds that the parallel cases present a serious danger of "abnormally excessive or deleterious" piecemeal litiga-

tion, and this factor weighs strongly in favor of abstention.

### e. Whether Federal Law Provides the Rule of Decision

The fifth *Colorado River* factor requires the Court to determine whether federal or state law provides the rule of decision. *Jackson–Platts*, 727 F.3d at 1143. However, this factor weighs in favor of abstention only where the applicable state law is "particularly complex or best left for state courts to resolve." *Id.*

Both Sini and Citibank agree that state law will govern Sini's claims against Citibank [D.E. 13 at 15; D.E. 14 at 13–14]. However, Citibank has not demonstrated that the applicable state law is particularly complex. Therefore, this factor does not weigh in favor of abstention.

### f. Whether the State Court Can Adequately Protect the Parties' Rights

Finally, the court must consider the adequacy of the respective fora to protect the parties' rights. This factor weighs in favor of abstention only where one forum is inadequate to protect a party's rights; if both courts are adequate to protect the parties' rights, then this factor is neutral on the question of whether the federal court should yield to the state action. *Noonan South*, 841 F.2d at 383.

Citibank argues that this factor weighs in favor of abstention because Sini could adequately assert her rights in state court [D.E. 13 at 15]. This does not weigh in favor of abstention, however, because Citibank has not shown that the federal court is inadequate to protect the rights of any party.

### 3. The Vexatious or Reactive Nature of either the State or Federal Action

Citibank argues that Sini's federal action, filed three months after Blu One Es-

tate's state action, was a "reactive" filing, and that Sini is forum shopping with her federal claim [D.E. 13 at 16]. Sini, however, has accused Citibank of colluding with Blu One and Ferrero in the state litigation in the days after this Court dismissed Citibank's first interpleader [D.E. 1 ¶¶ 31–48; D.E. 14 at 15].

The Court finds neither argument sufficiently persuasive to influence the *Colorado River* analysis. While Sini filed her claim after Blu One Estate filed its state action, she had clearly communicated to Citibank her intent to file this action much sooner—indeed, Citibank's interpleader claims have been premised on the threat of litigation from Sini. While it is true that Sini's claims against Citibank could have been raised as counterclaims in the pending state action, the Court is not convinced that this suit was aimed at thwarting the state court's jurisdiction. Nor is the Court persuaded that Blu One Estate's action in state court was vexatious. The suit may well have been "reactive" in the sense that, after this Court entered its April 29, 2013, Order dismissing Citibank's first interpleader action—and with it Blu One Estate's crossclaim against Sini—Blue One Estate may have felt compelled to file suit quickly to protect any potential interest it may have in the funds in Sini's Citibank account. But this does not necessarily mean that Blu One and Citibank were contriving to head off Sini's complaint, or to avoid the jurisdiction of this Court. Indeed, Blu One had previously consented to this Court's jurisdiction in Citibank's first interpleader action. *See Citibank, N.A. v. Blu One Estate, LLC, Massimo Ferrero and Laura Sini*, No. 1:12–CV–24087–KMW [D.E. 10]. After considering the arguments of both Sini and Citibank, the Court finds that this factor does not weigh for or against abstention.

### III. Conclusion

After careful consideration of the factors described above, the Court finds that the parallel state action presents a danger of excessive or deleterious litigation because of the considerable overlap of issues in the two cases. Moreover, the continued litigation in this Court presents a real danger of conflicting rulings based on identical facts. The Court also notes that the state court action has progressed somewhat further than the federal action. For these reasons, the Court finds that exceptional circumstances exist to warrant abstention under the *Colorado River* doctrine.[7] The Court will therefore stay these proceedings and defer to the parallel proceedings in Miami–Dade Circuit Court.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. Citibank's Motion to Dismiss the Complaint based on the first-filed rule is DENIED.

2. Citibank's Motion to Dismiss or Stay based on the *Colorado River* doctrine is GRANTED IN PART. This action is hereby STAYED pending the outcome of the parallel case in the Circuit Court of the 11th Judicial Circuit in and for Miami–Dade County, Florida (case number 2013–15650–CA–24). Plaintiff may move to reopen this case within 30 days of the conclusion of the Miami–Dade Circuit Court case.

3. The Clerk shall CLOSE this case for administrative purposes, and all pending motions are DENIED AS MOOT.

---

7. While Citibank has asked this Court to dismiss this action [D.E. 13 at 10], "a stay, not dismissal, is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the *Colorado River* doctrine." *Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994, 998 (11th Cir.2004).